STATE OF NORTH CAROLINA v. BARBARA JEAN EATMAN, AKA BARBARA JEAN BRASWELL, AKA BARBARA JEAN MELVIN

No. 777SC587

(Filed 21 December 1977)

1. Criminal Law § 91.7— motion for continuance—location of witnesses

The trial court did not err in the denial of defendant's motion for a continuance in order to locate witnesses where the substance of the testimony the witnesses were expected to give was not divulged; the only information given was that the witnesses were defendant's husband, whose attendance at trial was "no problem," and defendant's brother, a transient who "probably" would be called as a witness; and defense counsel admitted that the witnesses had not been subpoenaed.

2. Robbery § 4— use of firearm

The State's evidence was sufficient for the jury to find that defendant committed a robbery with a firearm where both the victim and defendant's accomplice testified that one of the robbers had a gun pointed in the victim's face during the incident.

**3. Criminal Law § 126— instruction on unanimity of verdict**

  The trial court's instruction that a unanimous verdict "means, of course, that if and when you agree, then all twelve of you must agree in that verdict" could not have led the jury to believe that a minority of the jury members must yield to a majority.

**4. Criminal Law § 114.2— instructions—consistency of trial testimony and prior statements—no expression of opinion**

  The trial judge did not comment upon the evidence in violation of G.S. 1-180 when he instructed the jury that there was some evidence tending to show that defendant and her accomplice made statements to an officer which were "consistent" with their trial testimony where the court also instructed the jury that it should not consider the prior statements to the officer if they were not consistent with the in-court testimony of the witnesses.

**5. Robbery § 5— armed robbery—failure to submit common law robbery**

  The trial court in an armed robbery case did not err in failing to submit to the jury an issue of defendant's guilt of common law robbery where all of the evidence showed that a gun was used in the crime.

APPEAL by defendant from *Smith (Donald L.), Judge.* Judgment entered 17 March 1977 in Superior Court, WILSON County. Heard in the Court of Appeals 16 November 1977.

Defendant was indicted for armed robbery. She pleaded not guilty and was tried by a jury. State's evidence tended to show that on 20 December 1976 Dorothy Jean Parker was shopping at Penney's. Around 8:00 p.m. she left the store, went to her car in the parking lot and got into the back seat to lay down some packages. Two black girls, one tall and the other short, followed her to the car. The tall one held a gun in her face, while the short one grabbed her pocketbook and ran. The pocketbook contained several hundred dollars.

Janice Carolyn Batts is charged with the same offense as defendant. She testified that on 20 December 1976 she, defendant and another person went to Penney's for the purpose of snatching pocketbooks. Defendant pointed a gun at Dorothy Parker and asked Mrs. Parker for her pocketbook. Mrs. Parker refused to give up the pocketbook, and Janice Batts snatched it and ran. Johnny Moore, a detective with the Wilson Police Department, testified in corroboration of the preceding facts.

Defendant's evidence tended to show that she was in Fremont with her husband trying to reconcile her marriage from 12 December until 23 December 1976. Defendant lives in Bailey and

knows Janice Batts, but she did nct participate in an armed robbery with Janice Batts at Parkwood. Janice Batts and defendant ceased to associate with one another prior to 20 December 1976 when Batts accused defendant of taking her gun. Defendant believes Batts is trying to get even with defendant because of the gun and because defendant refused to have sexual relations with her.

From a verdict of guilty and judgment entered thereon sentencing defendant to twenty (20) to twenty-five (25) years in prison, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Acie L. Ward, for the state.*

*Fitch, Butterfield & Sumner, by Milton F. Fitch, Jr., for the defendant.*

MARTIN, Judge.

[1] Defendant's counsel contends that the trial court erred in denying his motion for continuance and thereby deprived defendant of an opportunity fairly to prepare and present her defense in violation of the Federal and State Constitutions. Specifically, counsel argues that he requested the continuance in order to locate a *crucial witness* whom he had previously attempted to locate without success.

It is a well recognized rule that the Sixth Amendment right of confrontation carries with it the opportunity fairly to prepare and present one's defense and the right to face one's accuser and witnesses with other testimony. N.C. Const. Art. I, § 23 (1971); *State v. Smathers,* 287 N.C. 226, 214 S.E. 2d 112 (1975); *State v. Rigsbee,* 285 N.C. 708, 208 S.E. 2d 656 (1974). If defendant's motion for continuance was in fact based on a right guaranteed by the Federal and State Constitutions, the decision of the trial court is reviewable as a question of law without a prior determination of gross abuse of discretion. *State v. Harrill,* 289 N.C. 186, 221 S.E. 2d 325 (1976). However, under the facts of this case, we do not believe any substantial issue concerning these constitutional guarantees is involved. Counsel's statement to the court in support of his motion to continue because of the absence of witnesses was lacking in specificity and unsatisfactory. *See State v. Rigsbee, supra.* The substance of the testimony the witnesses

were expected to give was not divulged; in fact, the only information imparted was that the witnesses were defendant's husband—whose attendance at trial was "no problem"—and defendant's brother—a transient who "probably" would be called as a witness. Additionally, defendant's counsel admitted that these witnesses had not been subpoenaed, notwithstanding thirty days had transpired since defendant's probable cause hearing. We conclude that defendant has established no violation of her constitutional rights nor shown abuse of discretion. Defendant's first assignment of error is overruled.

[2]  Defendant next assigns as error the denial of her motions for nonsuit made at the close of the State's evidence and at the close of all the evidence. This assignment of error is without merit.

The record on appeal reveals that the victim, Mrs. Dorothy Parker, testified on several occasions—during direct and cross-examination—that one of the robbers had a "little, short" gun and it was pointed in her face during the incident. Moreover, State's witness Janice Batts testified to the same effect. Thus, with regards to whether the robbery was committed with a *firearm*, we hold that the evidence, viewed in the light most favorable to the State, was sufficient to submit the case to the jury on the charge of armed robbery.

[3]  Defendant contends in her third argument that the court erred in charging the jury relative to the unanimous verdict requirement. The challenged instructions are as follows:

> "As you well know, this is a criminal case, and in a criminal case, we require any verdict which you jurors return be a unanimous verdict.

> DEFENDANT'S EXCEPTION NO. 23

> That means, of course, that if and when you agree, then all twelve of you must agree in that verdict. In no event, will this Court accept a majority verdict."

Defendant argues that this instruction is confusing in that it could have led the jury to think that a minority must yield to a majority; and that the court failed to accurately explain the concept to the jury and did not inform them that they did not have to recede from their positions if all could not agree on the same verdict. We disagree.

It is the law of North Carolina that no person can be finally convicted of any crime except by the unanimous consent of twelve jurors who have been duly impaneled to try his case. *State v. Hudson*, 280 N.C. 74, 185 S.E. 2d 189 (1971), *cert. denied*, 414 U.S. 1160, 39 L.Ed. 2d 112, 94 S.Ct. 920 (1974). In *State v. Parker*, 29 N.C. App. 413, 224 S.E. 2d 280 (1976), this Court found the following instruction to erroneously convey the impression that when a vote is taken and there is a majority — either for conviction or acquittal — the minority must then cast their vote with the majority and make the verdict unanimous, before returning the verdict in open court:

> " '. . . before you return your verdict it must be unanimous. You cannot return a verdict without a majority vote. That does not mean that your verdict must be unanimous when you retire. It means that it must be unanimous when you return to open court to announce it, because the jury is a deliberative body. You are to sit together, discuss the evidence, recall and review it all and remember it all; then after you have deliberated together return an unanimous verdict to open court.' "

For a decision in accord, see *State v. Cumber*, 32 N.C. App. 329, 232 S.E. 2d 291 (1977).

We do not think the challenged instruction in the instant case is susceptible to a similar interpretation. The defendant failed to include in her exception, although included in her argument, that portion of the instruction in which the trial court explains the first sentence of the challenged instruction by stating "That means, of course, *that if and when you agree*, then all twelve of you must agree in that verdict." (Emphasis added.) Viewing this language in light of the rule that the charge of the court must be read contextually, and isolated portions will not be held prejudicial when the charge as a whole is correct, *State v. Lee*, 277 N.C. 205, 176 S.E. 2d 765 (1970), we are unable to find error in the subject charge.

[4] In defendant's fourth assignment of error, she contends that the court erred in commenting on the testimony of a State's witness favorably, thus invading the province of the jury.

Defendant's argument is based on the following portion of the charge:

"Now, there was also some evidence, again take your recollection, but as I remember it, there was also some evidence which tended to show that at some earlier time, Dorothy Parker and Janice Carolyn Batts made some statements to Officer John Moore which was consistent with their testimony here in the courtroom

DEFENDANT'S EXCEPTION NO. 25

or which you might find was consistent with their testimony here in the courtroom, but you must not consider those earlier statements, if you should find that they were made, as evidence of the truth of what was said at the earlier time, because those statements, if you find that they were made, were not made under oath here in the courtroom. But, if you find that those earlier statements were made, and that those statements were consistent with the testimony of Miss Batts, and Mrs. Parker here in the courtroom, then you can consider that, together with all other facts and circumstances, which you find might bear upon Mrs. Parker's and Miss Batts' truthfulness in deciding whether or not you will believe their testimony."

It is well established that G.S. 1-180 does not allow a trial court to directly or indirectly indicate what impression the evidence has made on its mind or what deductions it thinks should be drawn thereform. *State v. Belk*, 268 N.C. 320, 150 S.E. 2d 481 (1966). However, it is equally established that the charge of the court will be construed contextually, and segregated portions will not be held prejudicial error when the charge as a whole is free from objection. *State v. Lee, supra; State v. Blackmon*, 6 N.C. App. 66, 169 S.E. 2d 472 (1969); *State v. Phillips*, 5 N.C. App. 353, 168 S.E. 2d 704 (1969). Thus, considering the entire portion of the charge relative to the statements made by Dorothy Parker and Janice Batts to Officer Moore, we find no expression of opinion by the trial court as to whether such statements were "consistent" with their testimony; in fact, the court admonished the jury that they were not to consider these out-of-court statements if they were not consistent with the witnesses' in-court testimony. This assignment is overruled.

[5] In defendant's fifth assignment of error, she contends that the court erred in failing to submit to the jury a charge on the lesser included offense of common law robbery.

The trial judge is not required to charge the jury upon a lesser degree of the crime charged when there is no evidence to sustain a verdict of defendant's guilt of such lesser degree, and when there is no conflicting evidence relating to the elements of the crime charged, no instruction is required. *State v. Lee*, 282 N.C. 566, 193 S.E. 2d 705 (1973). In the case at bar, the evidence showed the use of a gun in the crime and there was no conflicting evidence with respect to the element of the use of a firearm. Defendant's fifth assignment is without merit and is overruled.

Defendant's sixth assignment of error is without merit.

In the trial we find no prejudicial error.

No error.

Chief Judge BROCK and Judge CLARK concur.