STATE OF NORTH CAROLINA v. HARLEY LEWIS FENNELL

No. 384A82

(Filed 7 December 1982)

**Criminal Law § 163— failure of defendant to request recorded conference concerning instructions—failure to object to instructions as given—no review of matters not properly before Court**

Where defendant did not object to the instructions as given in his trial for a first degree sexual offense, and where defendant did not request a recorded conference pursuant to G.S. 15A-1231, in the absence of error so fundamental that the Court would invoke Rule 2 power to suspend the rules and consider defendant's assignments of error, the Court is bound by the rules of Appellate Procedure, and will not review matters not properly before it.

APPEAL by defendant from a judgment entered 24 February 1982, Criminal Session of Superior Court, DAVIDSON County, by *Collier, J.*

Defendant was charged with and found guilty of first degree sexual offense based upon the following indictment:

That Harley Fennell late of the County of Davidson on the 30th day of August 1980 with force and arms, at and in the County aforesaid, unlawfully, wilfully and feloniously did commit a sexual offense, to wit: fellatio, with James Edward Grooms, a child of the age of 12 years or less, to wit: 7 years of age, he, the defendant, being of the age of 12 years or more and four or more years older than the victim, to wit: 32 years of age, against the form of the statute in such case made and provided and against the peace and dignity of the State.

The sole question presented for our review, as articulated by the defendant, is whether

[t]he defendant is entitled to a new trial because of the trial court's failure in his instructions to the jury to specify which of several acts of fellatio presented by the evidence as occurring on different days the jury had to find beyond a reasonable doubt that the defendant committed in order to find him guilty.

For defendant's failure to comply with Rule 10(b)(2) of the Rules of Appellate Procedure (effective 1 October 1981), and because a careful review of the record discloses no question of sufficient import to invoke our Rule 2 power to suspend the rules, we decline to grant the defendant a new trial.

Facts pertinent to our decision are as follows:

Testimony at trial indicated that in addition to the act of fellatio which constituted the crime with which defendant was charged, and of which he was convicted, defendant performed at other times at least two additional acts of fellatio and one act of sodomy with the prosecuting witness, Jimmy Grooms, all of which also occurred in late August of 1980. The act of fellatio for which defendant was indicted, tried and convicted took place in a cornfield where the defendant had taken Jimmy to dig for worms after asking the boy to go fishing with him.

At the conclusion of the evidence, the trial court summarized the evidence as follows:

Evidence has been received tending to show that at some occasion subsequent to the events alleged in this par-

ticular indictment that the defendant engaged in anal inter-course with the prosecuting witness James Edward Grooms on several occasions and that he attempted to have the prose-cuting witness James Edward Grooms perform fellatio on him and burned him when he refused to do so. This evidence was received solely for the purpose of showing that there ex-isted in the mind of the defendant a plan, scheme, system, or design involving the crime charged in this case, that is—the intent on his behalf to engage in various sexual conduct with the prosecuting witness. If you believe this evidence you may consider it but only for the limited purpose for which it was received.

. . . .

. . . [T]he State offered evidence which it contends tends to show that sometime in the late August of 1980 James Ed-ward Grooms, the prosecuting witness accompanied Harley Fennell into a corn-field in order to dig for some worms for fishing purposes; that while in the corn-field Harley Fennell opened his pants by unzipping his pants and placed his mouth on the penis of James Edward Grooms; that on some subse-quent occasion he engaged in anal intercourse with him at a service station in the bathroom and two occasions at the mobile home where he resided and another occasion he asked James Edward Grooms to engage in fellatio with him, and when James Edward Grooms refused, he burned him with a cigarette. That is what some of the evidence for the State tends to show; what it does show, if anything, is for you to say and determine.

Following his summary of the evidence, the trial judge in-structed the jury on the elements of first degree sexual offense. He then charged:

I charge that if you find from the evidence and beyond a reasonable doubt that on or about sometime late in August, 1980 Harley Fennell engaged in fellatio with James Edward Grooms, and that at that time James Edward Grooms was a child of the age of twelve years or less; that Harley Fennell was four or more years older than James Edward Grooms, it would be your duty to return a verdict of guilty of first degree sexual offense; however, if you do not so find or have

a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

*Rufus L. Edmisten, Attorney General, by Thomas H. Davis, Jr., Assistant Attorney General, for the State.*

*James H. Gold, Assistant Appellate Defender, Office of the Appellate Defender, for defendant-appellant.*

MEYER, Justice.

It is defendant's contention that he is entitled to a new trial for the trial judge's failure to specify in his charge to the jury which of the several acts of fellatio the jury was to consider in determining his guilt. Defendant did not object to the instructions as given. Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure, in effect at the time of defendant's trial, provides:

> *Jury Instructions; Findings and Conclusions of Judge.* No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury. In the record on appeal an exception to instructions given the jury shall identify the portion in question by setting it within brackets or by any other clear means of reference. An exception to the failure to give particular instructions to the jury, or to make a particular finding of fact or conclusion of law which finding or conclusion was not specifically requested of the trial judge, shall identify the omitted instruction, finding or conclusion by setting out its substance immediately following the instructions given, or findings or conclusions made. A separate exception shall be set out to the making or omission of each finding of fact or conclusion of law which is to be assigned as error.

Defendant would first have us overlook his failure to comply with this rule because, he contends, the record does not disclose that the trial court complied with Rule 21 of the General Rules of Practice for the superior and district courts in that the instruction conference was not recorded. Rule 21 requires a jury instruc-

tion conference for all trials occurring after 15 September 1981, and provides that

> [a]t the close of the evidence (or at such earlier time as the judge may reasonably direct) in every jury trial, civil and criminal, in the superior and district courts, the trial judge shall conduct a conference on instructions with the attorneys of record (or party, if not represented by counsel). Such conference shall be out of the presence of the jury, and *shall be held for the purpose of discussing the proposed instructions to be given to the jury.* An opportunity must be given to the attorneys (or party if not represented by counsel) to request any additional instructions or to object to any of those instructions proposed by the judge.

(Emphasis added.)

Defendant did not request a recorded conference pursuant to G.S. § 15A-1231. Defendant concedes, and the record confirms, that an instruction conference was held at the close of all the evidence. The conference was held in chambers and because it was not recorded defendant argues that there is no way to determine whether the trial judge tendered his proposed charge so that counsel could *read* it over and determine if he had any objections. We find the argument unpersuasive. Rule 21 of our General Rules of Practice does not require that the instruction conference be recorded or that the judge's proposed charge be reduced to writing and submitted to counsel. By the very wording of the rule itself, it is clear that the instruction conference contemplated by Rule 21 shall be held "for the purpose of *discussing* the proposed instructions" and providing an opportunity for counsel to object to any of the instructions proposed by the judge or to request additional instructions.

Where the record is silent upon a particular point, it will be presumed that the trial court acted correctly in performing his judicial acts and duties. *See State v. Sanders*, 280 N.C. 67, 185 S.E. 2d 137 (1971); *State v. Gaiten*, 277 N.C. 236, 176 S.E. 2d 778 (1970). We therefore conclude, in the absence of any evidence whatsoever to the contrary, that the trial judge fully complied with Rule 21 in conducting the instruction conference.

Rule 10(b)(2) of our Rules of Appellate Procedure requiring objection to the charge before the jury retires is mandatory and not merely directory. The reason for the rules was succinctly stated by Justice Stacy in *Pruitt v. Wood,* 199 N.C. 788, 789-90, 156 S.E. 126, 127 (1930):

> [T]he rules of this Court, governing appeals, are mandatory and not directory. They may not be disregarded or set at naught (1) by act of the Legislature, (2) by order of the judge of the Superior Court, (3) by consent of litigants or counsel. The Court has not only found it necessary to adopt them, but equally necessary to enforce them and to enforce them uniformly.
>
> . . . The work of the Court is constantly increasing, and, if it is to keep up with its docket, which it is earnestly striving to do, an orderly procedure, marked by a due observance of the rules, must be maintained. When litigants resort to the judiciary for the settlement of their disputes, they are invoking a public agency, and they should not forget that rules of procedure are necessary, and must be observed, in order to enable the courts properly to discharge their duties.

(Citations omitted.)

In the absence of error so fundamental that we would invoke our Rule 2 power to suspend the rules and consider defendant's assignment of error, we, too, are bound by the Rules of Appellate Procedure, and will not review matters not properly before us.

Defendant, however, contends that the error alleged is so "fundamental" that a new trial is required despite defense counsel's failure to lodge a contemporaneous objection. We disagree. In view of defendant's life sentence, we have carefully reviewed the judge's charge and find no error so "plain" or "fundamental" as to require a new trial. In the context of the instructions given, including the summary of the evidence and statement of applicable law, we find that the judge's charge sufficiently apprised the jury of which act of fellatio they were to consider in determining defendant's guilt.

Defendant brings forth no other assignment of error; nevertheless, we have carefully reviewed the record on appeal and conclude that defendant received a fair trial free of prejudicial error.

There is substantial evidence of each essential element of the offense charged and of defendant's being the perpetrator of the offense. Thus, the evidence was sufficient, as a matter of law, to go to the jury. *State v. Woods,* 307 N.C. 213, --- S.E. 2d --- (1982); *State v. Earnhardt,* 307 N.C. 62, --- S.E. 2d --- (1982); *State v. Powell,* 299 N.C. 95, 261 S.E. 2d 114 (1980).

No error.