STATE OF NORTH CAROLINA v. CYRIL RODNEY SETZER

No. 8227SC700

(Filed 5 April 1983)

1. **Robbery § 2— indictment—property taken from named person—sufficiency of allegation**

An indictment alleging that, by the use of a pistol whereby the life of a named person was endangered and threatened, the defendant took money from The Pantry, Inc. sufficiently alleged that the money was taken from the named person.

2. **Criminal Law § 163.3— failure to charge—absence of objection at trial**

Defendant could not properly assign as error the failure of the trial court to recapitulate certain evidence in the charge where defendant made no objection to the charge before the jury retired. App. R. 10(b)(2).

3. **Criminal Law § 138— armed robbery—aggravating factors—inducement of others and position of dominance—insufficiency of evidence**

In imposing a sentence for armed robbery, the trial court erred in finding as an aggravating factor that defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants where the evidence showed only that defendant's wife looked with him for a place to rob, placed gauze on defendant's face prior to the robbery, and waited for him in an automobile while he committed the robbery.

State v. Setzer

4. **Criminal Law § 138— armed robbery—pecuniary gain—use of deadly weapon—improper aggravating factors**

In imposing a sentence for armed robbery, the trial court erred in finding as aggravating factors that the crime was committed for pecuniary gain and that defendant used a deadly weapon in the crime since those factors are necessary elements of the crime of armed robbery. G.S. 15A-1340.4(a)(1).

5. **Criminal Law § 138— aggravating factor—untruthful testimony by defendant**

A trial court cannot find as an aggravating factor that the defendant did not testify truthfully when the only evidence of his untruthfulness is his contradicted testimony at a voir dire hearing or during the trial. Therefore, the trial court in an armed robbery case erred in finding as an aggravating factor that defendant deliberately lied to the court concerning the circumstances of the taking of a statement concerning his participation in the offense.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 3 March 1982 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 14 January 1983.

The defendant was tried for armed robbery. Sheila Chapman testified that on 17 October 1981 she was working at "The Pantry," a convenience store in Cleveland County. She testified further that a man whose face was covered with gauze pointed a blue steel revolver at her and forced her to give him money which was owned by "The Pantry, Inc." James Woodard, a Special Agent with the State Bureau of Investigation, testified that the defendant stated to him that on 17 October 1981, he, his wife, and his daughter were in his automobile; that he left the automobile and went into "The Pantry" with gauze on his face and a plastic gun; that he pointed the plastic gun at the clerk in "The Pantry" and demanded the money, which she gave to him. Mr. Woodard testified further that the defendant told him that he, his wife, and his daughter left the area in his automobile and spent the money on groceries.

The defendant testified in his own behalf and denied he committed the robbery. He said he was at home at the time and said he did not tell Mr. Woodard he had committed the robbery. The defendant's wife corroborated his testimony.

The defendant was convicted of armed robbery and was sentenced to 20 years in prison. He appealed.

*Attorney General Edmisten, by Assistant Attorney General Jane P. Gray, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant appellant.*

WEBB, Judge.

[1]  The defendant argues under one assignment of error that the indictment on which he was tried is fatally defective. The indictment reads as follows:

> "THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 17th day of October, 1981, in Cleveland County Cyril Rodney Setzer unlawfully, wilfully, and feloniously having in his possession and with the use and threatened use of firearms, and other dangerous weapons, implements, and means, to wit: a pistol whereby the life of Sheila Chapman was endangered and threatened, did then and there unlawfully, wilfully, forcibly, violently and feloniously take, steal, and carry away Two Hundred and Twelve ($212.00) Dollars in United States Currency of the value of Two Hundred and Twelve ($212.00) dollars, from the presence, person, place of business, and residence of The Pantry, Inc., Store #257, a corporation, located on Fallston Road at the intersection of Highway 18 and Highway 180 North of Shelby, North Carolina."

The defendant contends the allegation in the indictment that the property was taken from "the person, presence, place of business and residence" of a corporation named The Pantry, Inc. does not sufficiently allege the property was taken from the person or presence of any person. He says the failure to allege this element of armed robbery renders the indictment defective.

We believe the indictment is sufficient. It charges that by use of a pistol whereby the life of Sheila Chapman was endangered and threatened, the defendant took personal property from The Pantry, Inc. We believe this sufficiently alleges the property was taken from Sheila Chapman. Corporations act through agents, and we believe it is clear from this allegation that Sheila Chapman was the person in control of the corporation's property and from whose possession the property

was taken. *See State v. Rankin,* 55 N.C. App. 478, 286 S.E. 2d 119, *cert. denied,* 305 N.C. 590, 292 S.E. 2d 11 (1982).

[2] The defendant also assigns error to the charge. In recapitulating the evidence, the court did not say that there was evidence that the gun used in the robbery was a plastic gun. The defendant contends this inhibited the jury from finding the defendant guilty of common law robbery. There is nothing in the record to show the defendant objected to the charge before the jury retired, although the defendant was given an opportunity to do so. Rule 10(b)(2) of the Rules of Appellate Procedure (effective 10 October 1981) provides in part:

> "No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury."

Since no objection to the charge was made before the jury retired, the defendant cannot assign error to the charge.

[3] The defendant assigns error, in which the State concurs, to the sentence imposed. Armed robbery is a Class D felony with a requirement that the defendant receive a sentence of at least 14 years. *See* G.S. 14-87 and *State v. Morris,* 59 N.C. App. 157, 296 S.E. 2d 309 (1982), *cert. denied,* 307 N.C. 471, 299 S.E. 2d 227 (1983). The court found four aggravating factors and three mitigating factors and imposed a sentence of 20 years. The aggravating factors which the court found were as follows: (1) the defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants, to wit: his wife; (2) the offense was committed for hire or pecuniary gain; (3) the defendant was armed or used a deadly weapon at the time of the crime; and (4) the defendant deliberately lied to the court concerning the circumstances of the taking of a statement concerning his participation in the offense.

The evidence supporting the first aggravating factor consisted of his wife's testimony on cross-examination. She testified she had signed a statement in which she said she had placed

gauze on the defendant's face, looked with him for a place to rob, and waited for him in the automobile while he went into The Pantry. This is some evidence that she acted in concert with her husband. We do not believe it is evidence that the defendant induced his wife to participate in the crime or occupied a position of leadership or dominance over her unless we presume a man controls the actions of his wife. Such a presumption against Mr. Bumble brought from him possibly the most colorful denunciation of the law in our literature. I do not believe we should make such a presumption here. We hold the evidence was not sufficient to support a finding of this aggravating factor.

[4]   As to the second aggravating factor, there is no evidence the defendant committed the crime for hire. The evidence that he received money was necessary to prove an element of armed robbery; that he took property from The Pantry. It cannot be used to prove he committed the crime for pecuniary gain. *See State v. Thompson*, 60 N.C. App. 679, 300 S.E. 2d 29 (1983). Without this, there is not sufficient evidence that the defendant committed the robbery for pecuniary gain to support this finding of an aggravating factor.

It was also error to find as an aggravating factor that the defendant was armed or used a deadly weapon at the time of the crime. The evidence that the defendant was armed and used a deadly weapon was used to prove an element of the crime. *See* G.S. 15A-1340.4(a)(1).

[5]   The fourth aggravating factor found by the court is "the defendant deliberately lied to the Court concerning the circumstances of the taking of a statement concerning his participation in the offense." The court conducted a *voir dire* hearing during the trial to determine the admissibility of the defendant's statement to Mr. Woodard. The defendant testified at this hearing that the statement was coerced. Mr. Woodard testified the statement was not coerced. The court accepted Mr. Woodard's testimony and allowed the statement into evidence. There is no other evidence in the record as to the truthfulness of the defendant's testimony.

The fourth aggravating factor found by the court is not one of those listed under G.S. 15A-1340.4. This section does not require that only aggravating or mitigating factors listed in the

section be considered. The court may use any factors which are supported by the preponderance of the evidence and are reasonably related to the purposes of sentencing. We do not believe, based on the evidence in this case, we should hold that the fourth factor could have been considered in imposing a sentence. If, in any case in which the defendant testifies and is found guilty, the court may then find as an aggravating factor that the defendant did not testify truthfully, it would virtually repeal presumptive sentencing in a large percentage of cases. This the courts cannot do. In order to carry out presumptive sentencing as mandated by the General Assembly, we hold that a judge cannot find as an aggravating factor that the defendant did not testify truthfully when the only evidence of his untruthfulness is his contradicted testimony at a *voir dire* hearing or during the trial.

We find no error in the trial. We reverse the sentence imposed and remand for a new hearing as to the sentence to be imposed.

Reversed and remanded.

Judges BECTON and PHILLIPS concur.