J. GARFIELD WALL v. CHARLES W. STOUT AND BETSY W. SANDERS, GUARDIAN AD LITEM FOR MARIE L. WALL v. C. W. STOUT

No. 829SC444

(Filed 5 April 1983)

**Physicians, Surgeons, and Allied Professions § 20.2— medical malpractice—instruction that doctor does not guarantee results**

In a medical malpractice action, the trial court's instruction that a doctor ordinarily does not guarantee correct diagnosis or successful treatment, the court's instruction that a doctor is not held to the "utmost degree of skill" in his profession, and the court's use of the term "honest error" in explaining the medical standard of care were legally correct and therefore proper. Furthermore, the court's repetition on three occasions of the legally correct instruction that a doctor does not guarantee success was not "exculpatory" or otherwise improper.

APPEAL by plaintiffs from *Hobgood (Hamilton), Judge.* Judgments entered 27 October 1981 in Superior Court, GRANVILLE County. Heard in the Court of Appeals 10 March 1983.

These are civil actions wherein the plaintiff, guardian ad litem for Marie Wall, and the plaintiff, husband of Marie Wall, seek damages for personal injury and loss of consortium allegedly resulting from the medical malpractice of the defendant. The following issues were submitted to and answered by the jury:

1. Was the plaintiff, Marie L. Wall injured by the negligence of the defendant, Dr. C. W. Stout?

ANSWER: No.

2. What amount, if any, is the plaintiff, Marie L. Wall, entitled to recover from the defendant, Dr. C. W. Stout?

ANSWER: _____

1. Did the defendant's negligence proximately cause the plaintiff, J. Garfield Wall, to lose the consortium of his wife, Marie L. Wall?

ANSWER: No.

2. What amount, if any, is the plaintiff, J. Garfield Wall, entitled to recover for loss of consortium?

ANSWER: _____

From a judgment entered on the verdict, plaintiffs appealed.

*Grover C. McCain, Jr., Jeff Erick Essen, and Watkins, Finch & Hopper, by William T. Watkins and William L. Hopper for the plaintiffs, appellants.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by James D. Blount, Jr., Nigle B. Barrow, Jr. and Susan M. Parker for the defendant, appellee.*

HEDRICK, Judge.

Plaintiffs purport to raise two questions on appeal. The first question is set out in their brief as follows: "Did the trial court commit reversible error by favoring the contentions of the defendant, mischaracterizing adverse evidence as 'plaintiff's evidence' and presenting a confusing and misleading statement of plaintiff's burden in his charge to the jury?" Plaintiffs indicate this question was preserved for review by Exception Nos. 2-5 and 8-15. All these exceptions relate to the jury charge; however, Exception Nos. 3-5 and 8-11 do not comply with Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure and Exception No. 2 does not comply with Rule 21 of the General Rules of Practice for the Superior and District Courts. Thus, Exception Nos. 2-5 and 8-11 present no question for review.

By Exception Nos. 12-15 the plaintiffs have preserved for review and contend that the trial court erred in its instructions to the jury regarding medical doctors' standards of skill. Specifically, Exception Nos. 13, 14, and 15 refer to the instruction that a doctor ordinarily does not guarantee correct diagnosis or successful treatment. Plaintiffs argue that since guarantee of diagnosis was not an issue, and since the charge thrice repeated that a doctor does not ensure results, the instructions tended to "exculpate" the defendant in the minds of the jury. They also maintain in Exception No. 15 that use of the term "honest error" in explaining the medical standard of care was confusing and "exculpatory." Finally, plaintiffs' Exception No. 12 contends it was error to instruct that a doctor is not held to the "utmost degree of skill" in his profession.

The trial judge had a duty to explain the law to the jury. N.C. Gen. Stat. § 1A-1, Rule 51. His use of the term "honest error," his charge on the degree of skill required, and the statements that a doctor does not guarantee results were legally correct, and therefore proper instructions. *Dickens v. Everhart*, 284 N.C. 95, 199 S.E. 2d 440 (1973); *Belk v. Schweizer*, 268 N.C. 50, 149 S.E. 2d 565 (1966). Moreover, the instructions objected to in Exception Nos. 12-15 were directly relevant to the medical standard of practice in issue at trial. *See* N.C. Gen. Stat. § 90-21.12.

The medical standard of practice was repeated several times in a lengthy charge to the jury. Viewing the charge as a whole, repetition of the legally correct instruction that a doctor does not guarantee success is not "exculpatory" or otherwise improper. The plaintiffs failed to show error since there is no reason to believe the jury was misled within the context of the entire charge. *Hanks v. Insurance Co.*, 47 N.C. App. 393, 267 S.E. 2d 409 (1980).

The plaintiffs next claim that the trial court erred in allowing Dr. Watson to testify after Dr. Tarry. They contend the defendants orally stipulated that either Dr. Tarry or Dr. Watson would be a witness, but not both. Defendants deny making such a stipulation. The pre-trial order lists both Dr. Watson and Dr. Tarry as possible defense witnesses, with no "either-or" provision. The pre-trial order contained the only valid stipulations. N.C. Gen. Stat. § 1A-1, Rule 16. Consequently, Dr. Watson was a proper witness.

No error.

Judges WHICHARD and BRASWELL concur.