STATE OF NORTH CAROLINA v. GEORGE HARRIS THOMPSON

No. 8227SC963

(Filed 3 May 1983)

**1. Criminal Law § 91.7 — absence of alibi witness—denial of continuance**

The trial court did not err in the denial of defendant's *motion* for a continuance because of the unavailability of an out-of-state witness where no subpoena had been issued for the attendance of the witness, and defendant filed

State v. Thompson

no affidavits showing the testimony which the witness would have offered at trial.

**2. Criminal Law § 163— failure to object to instructions—absence of jury instruction conference**

Although the better practice would be for the trial judge to hold a jury instruction conference pursuant to Rule 21 of the General Rules of Practice for the Superior and District Courts, the lack of a conference, where one is not requested, will not excuse a defendant's failure to make a timely objection to the charge as required by App. Rule 10(b)(2).

**3. Criminal Law § 138— erroneous finding in aggravation—new sentencing hearing**

When a trial judge errs in making a finding in aggravation and imposes a prison term in excess of the presumptive sentence, the entire case must be remanded for a new sentencing hearing.

**4. Criminal Law § 138— armed robbery—aggravating factors—pecuniary gain—use of deadly weapon by codefendant**

In imposing a sentence for armed robbery, the trial court erred in finding as aggravating factors that the offense was committed for pecuniary gain and that a codefendant was armed with or used a deadly weapon at the time of the crime, since such factors constituted elements of the crime for which defendant was being sentenced. G.S. 15A-1340.4(a)(1).

**5. Criminal Law § 138— aggravating factor—prior convictions—sufficiency of evidence**

The trial court properly found as an aggravating factor that defendant had prior convictions for criminal offenses punishable by more than 60 days' confinement where defendant's record of prior convictions was read into the record by the district attorney at the sentencing hearing in the presence of defendant's attorney.

**6. Criminal Law § 138— aggravating factor—untruthfulness by defendant**

The trial court properly found as an aggravating circumstance that defendant lied on the stand during trial and in his statement to the police since a defendant's truthfulness under oath is probative of his attitudes toward society and his prospects for rehabilitation and is, therefore, relevant to sentencing. G.S. 15A-1340.3.

Judge BECTON concurring in the result.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 5 March 1982 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 10 March 1983.

Defendant was charged with and convicted of armed robbery in violation of G.S. 14-87. From judgment and the imposition of a twenty-year prison term, he appeals.

*Attorney General Edmisten, by Assistant Attorney General Grayson G. Kelley, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen, and James R. Glover, for defendant-appellant.*

HILL, Judge.

[1] Defendant first argues that the trial judge erred in denying his motion for continuance because of the unavailability of an alibi witness. As a general rule, the grant or denial of a motion for continuance is in the sound discretion of the trial judge. Nevertheless, since defendant contends that the court's action prohibited the exercise of his right to confront his accusers and witnesses as guaranteed by the Federal and State Constitutions, the question presented is one of law and thus is reviewable on appeal. *See State v. Smathers*, 287 N.C. 226, 214 S.E. 2d 112 (1975).

The failure to grant a motion for continuance will result in a new trial only where defendant shows that the denial was erroneous and he was prejudiced thereby. *State v. Robinson*, 283 N.C. 71, 194 S.E. 2d 811 (1973). We find that the denial of defendant's motion for continuance was proper and did not prejudice his trial.

Defendant was arrested for armed robbery on 4 December 1981 and indicted for the same offense on 18 January 1982. Defense counsel first argued his motion to continue the trial just before jury selection on 3 March 1983, offering as grounds the absence of defendant's brother who lived in another state, as well as the absence of a sister who later appeared. No subpoena had been issued for the attendance of out-of-state witness, a circumstance that ordinarily will eradicate grounds for a continuance. *State v. Lee*, 293 N.C. 570, 238 S.E. 2d 299 (1977). No affidavits were filed to support the motion. Although testimony on the probable location of the absent witness was presented by defendant and his mother, we find that defendant has shown no prejudice since the record lacks specific evidence of the testimony this witness would have offered at trial. *See State v. Eatman*, 34 N.C. App. 665, 239 S.E. 2d 633 (1977). This assignment of error is overruled.

**[2]**  Defendant contends the trial judge committed prejudicial error in his charge to the jury by possibly misleading the jury to believe that defendant carried the burden of proof in establishing his alibi. Defendant first argues that he should be allowed to raise this claimed error on appeal even though at trial he made no objection to the charge and failed to request additional instructions when provided the opportunity. He bases his argument on the trial judge's failure to hold a conference concerning instructions at the close of the evidence as directed by Rule 21 of the General Rules of Practice for the superior and district courts. We disagree.

Rule 10(b)(2) of the Rules of Appellate Procedure provides, in pertinent part, as follows:

> No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury . . . .

The North Carolina Supreme Court has recently said, "Rule 10(b)(2) of our Rules of Appellate Procedure requiring objection to the charge before the jury retires is mandatory and not merely directory." *State v. Fennell*, 307 N.C. 258, 263, 297 S.E. 2d 393, 396 (1982). Although the better practice would be for the trial judge to hold the instruction conference pursuant to Rule 21, the lack of a conference, where one is not requested, will not excuse a defendant's failure to make a timely objection to the charge as required by Rule 10(b)(2). Unless an error is shown to be so grievous that it is deemed necessary to suspend the rules as allowed under Rule 2, the appellate courts are bound by the Rules of Appellate Procedure and no review of improperly presented matters is permitted. *Id.* Our review of the whole record reveals no "plain error" in the court's instructions that would have had an impact on the jury's return of a guilty verdict. *See State v. Odom*, --- N.C. ---, 300 S.E. 2d 375 (1983). Moreover, the trial judge correctly recapitulated defendant's alibi to the jury and charged that the burden of proving an alibi did not rest upon the defendant. Reading the charge in its entirety, we see no reasonable possibili-

ty that the jury was in any way misinformed or misled on this aspect of the case.

[3]  In his final assignment of error, defendant contends that the trial judge erred in imposing a twenty-year prison sentence which exceeds the presumptive sentence of fourteen years for robbery with a firearm. *See State v. Leeper,* 59 N.C. App. 199, 296 S.E. 2d 7, *disc. rev. denied,* 307 N.C. 272, 299 S.E. 2d 218 (1982). Under the Fair Sentencing Act, a trial judge may impose a prison term that exceeds the presumptive sentence only if he specifically lists in the record each matter in aggravation and mitigation and finds that the factors in aggravation outweigh the factors in mitigation. G.S. 15A-1340.4. These factors must be proved by the preponderance of the evidence and be reasonably related to the purposes of sentencing. *Id.* Balancing the factors is a matter within the trial court's discretion and will not be disturbed on appeal if there is support in the record for the court's decision. *State v. Davis,* 58 N.C. App. 330, 293 S.E. 2d 658 (1982). When, however, a trial judge errs in making a finding in aggravation and also imposes a prison term in excess of the presumptive sentence, the entire case must be remanded for a new sentencing hearing. *State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983).

The trial judge found the following factors in aggravation: (1) the offense was committed for pecuniary gain; (2) a co-defendant was armed with or used a deadly weapon at the time of the crime; (3) the defendant had a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement; and (4) "[t]he defendant deliberately presented, during the course of the trial, evidence which he knew to be false about his presence on the day in question and deliberately presented false evidence concerning the statement attributed to him and obviously found by the jury to be false."

[4]  Since we find that the trial judge erred in finding the first two factors in aggravation, we are obliged to remand this case for resentencing. Defendant was tried and convicted of the armed robbery of a jewelry store. G.S. 15A-1340.4(a)(1) provides that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . ." Under the facts of this case, the commission of the crime for pecuniary gain is inherent in the offense and may not be considered an aggravating

State v. Thompson

factor. Likewise, proof of the use of a deadly weapon at the time of the crime is necessary to establish an essential element of the crime for which defendant was tried and may not be used to prove a factor in aggravation.

[5] We find no error in the last two aggravating factors. Defendant's record of prior convictions for offenses carrying sentences of more than 60 days' confinement was read into the record by the district attorney at the sentencing hearing in the presence of defendant's attorney. Since defendant neither objected to this means of establishing his record nor questioned its correctness, he has waived any objection on appeal to the method used to prove his convictions. *State v. Massey,* 59 N.C. App. 704, 298 S.E. 2d 63 (1982).

[6] We hold, in addition, that the fourth finding by the trial court, *i.e.,* that defendant lied on the stand during trial and in his statement to the police, is acceptable as an aggravating factor because it is reasonably related to the purposes of the statute and the rehabilitation of the offender and provides a general deterrent to criminal behavior. A defendant's truthfulness under oath is probative of his attitudes toward society and his prospects for rehabilitation and is therefore relevant to sentencing. *See* G.S. 15A-1340.3; *Cf. United States v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed. 2d 582 (1978).

In pronouncing judgment under the Fair Sentencing Act, the court must look first to the trial at which the defendant is convicted. The aim of a trial is to seek and find the truth. To permit a defendant to commit perjury without fear of reprisal during a trial could lead to erroneous jury verdicts and destroy our system of jurisprudence; the sanctity of an oath would become meaningless. The fact that the defendant could be tried for perjury at another trial before another jury and judge pales in the face of the immediate need for truth at the initial trial.

We find no merit in the argument that the fear of incurring greater punishment may deter defendants from testifying. There is no protected right to commit perjury. *United States v. Grayson, supra.* To the extent that a sentencing judge's consideration of a defendant's truthfulness would deter that defendant from testifying falsely, the effect is entirely permissible.

We are aware of *State v. Setzer,* 61 N.C. App. 500, 301 S.E. 2d 107 (1983) in which this Court remanded for resentencing on grounds that the trial judge improperly found as an aggravating factor that the defendant lied on *voir dire.* That case involved contradicted testimony at a *voir dire* hearing which is a far cry from a finding of perjured testimony before a judge and jury.

We conclude that sentencing of a defendant must include consideration of facts that arose in the trial of the case. In so doing, we conclude that the sentencing judge's taking into account that defendant lied at trial is consistent with the purposes of *uniform sentencing* and with the rehabilitative and punitive *purposes of sentencing* in our system of jurisprudence. This assignment is overruled.

Because we find error in the first two aggravating factors listed by the trial judge, this case is remanded for resentencing in accordance with this opinion.

Remanded.

Judge ARNOLD concurs.

Judge BECTON concurs in the result.

Judge BECTON concurring in the result.

I concur in the decision to remand this case so that defendant can be resentenced. I write this concurring opinion, however, because I believe that an additional basis exists for a resentencing hearing—that is, the trial court erred in finding as an aggravating factor that Thompson lied on the stand during trial. The rationale and holding of *State v. Setzer,* 61 N.C. App. 500, 301 S.E. 2d 107 (1983) impels this conclusion. In *Setzer,* this Court said at p. 6 of the slip opinion:

> If, *in any case* in which the defendant testifies and is found guilty, the court may then find as an aggravating factor that the defendant did not testify truthfully, it would virtually repeal presumptive sentencing in a large percentage of cases. . . . In order to carry out presumptive sentencing . . . we hold that a judge cannot find as an aggravating factor that the defendant did not testify truthfully when the only evi-

dence of his untruthfulness is his contradicted testimony at a *voir dire* hearing *or during the trial.* (Emphasis added.)

Other legal and policy reasons, equally fundamental, equally sound, and equally persuasive, suggest that *Setzer* was decided correctly. First, it would be fundamentally unfair, in the context of our Fair Sentencing Act, to increase a defendant's sentence as a form of punishment for a new crime (perjury) without benefit of charge or trial. Second, fear of a greater punishment could deter even the defendant who would have given truthful testimony from testifying. Third, in adopting the Fair Sentencing Act, our legislature rejected the prevalent sentencing philosophy of fitting the punishment to the offender through long statutory maximum terms and broad judicial discretion and adopted a sentencing philosophy of fitting punishment to the crime by application of presumptive sentences. Therefore, as suggested by defendant, if the Fair Sentencing Act is to achieve its goal of eliminating disparate sentencing, it must be read to limit the myriad of factors that were considered appropriate when fitting the punishment to the offender was the watchword. *See Juneby v. State,* 641 P. 2d 823, 833 (Alaska App. 1982). Fourth, although perjury may be an indication of poor prospects for rehabilitation, it does not necessarily indicate that a longer sentence will improve the chances.

For these reasons, and on the basis of *State v. Setzer,* I believe the trial court erred in finding as an aggravating factor that defendant lied on the stand during trial.