STATE OF NORTH CAROLINA v. JESSE ADAM CANTRELL

No. 8228SC1212

(Filed 20 September 1983)

1. **Criminal Law § 74.2 — confession—deleting references to co-defendant—no prejudice**

    There was no prejudice to the defendant caused by the editing of his confession by deleting all references to the co-defendant.

2. **Criminal Law § 118.4 — instructions—failure to object**

    Pursuant to App. R. 10, the Court dismissed defendant's objection to an instruction to the jury where defendant failed to state his objection before the jury began its deliberation and where the trial court noted that the counsel for the State and the defendant were invited to the bench at the conclusion of the charge and that they had no objections.

3. **Criminal Law § 138 — sentencing—aggravating factor of pecuniary gain improperly considered**

    In a prosecution for armed robbery, the trial court improperly submitted as aggravating factors that the offense was committed for hire or pecuniary gain and that the defendant was armed with a deadly weapon at the time of the crime since both factors were used as evidence to prove the crime with which defendant was charged.

APPEAL by defendant from *Howell, Judge.* Judgment entered 24 June 1982 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 1 September 1983.

The defendant was charged in a proper bill of indictment with armed robbery. The jury found defendant guilty as charged. From a judgment imposing a prison sentence of twenty years, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Kaye R. Webb for the State.*

*Assistant Public Defender Lawrence C. Stoker for the defendant, appellant.*

HEDRICK, Judge.

The defendant first assigns error to the trial court's denial of his motion to sever his case from that of his co-defendant. Whether to allow such a motion is within the trial court's discretion and its ruling will not be overturned without a showing of abuse of that discretion. *State v. Greene*, 294 N.C. 418, 241 S.E. 2d 662 (1978). The defendant has not set forth any argument under this assignment of error in his brief or otherwise shown any abuse of the trial judge's discretion. This assignment of error is therefore overruled.

[1] In his second assignment of error the defendant contends the court erred in its attempt to delete all references to the co-defendant, Clarence Cantrell, from the confession of the defendant, Jesse Cantrell. He argues "the editing distorted and falsified the meaning of the statement as originally made." This contention has no merit. The trial court's deletion of all references to Jesse Cantrell's co-defendant complied with decisions of the United States Supreme Court, the Supreme Court of North Carolina and our General Statutes. *Bruton v. United States*, 391 U.S. 123 (1968); *State v. Barnett*, 307 N.C. 608, 300 S.E. 2d 340 (1983); *State v. Fox*, 274 N.C. 277, 163 S.E. 2d 492 (1968); and N.C. Gen. Stat. Sec. 15A-927(c)(1). There is no showing of prejudice to the defendant caused by the edited statement. This assignment of error will not be sustained.

[2] The defendant argues in his third assignment of error that the trial court erred in its instruction to the jury. He contends the court did not make it "sufficiently clear to the jury that they did not have to find both defendants guilty if they found one of them guilty." Upon review of the record, we find the defendant failed to state this objection before the jury began its deliberations. The trial court noted in the record that counsel for the State and the defendant were invited to the bench at the conclusion of the charge and "that they had no objections, additions, corrections, subtractions to the Court's charge, with the exception of the defendants renewing their original requests for an instruction on the lesser included offense of common law robbery. . . ." We dismiss this assignment of error pursuant to Rule 10 of the North Carolina Rules of Appellate Procedure.

State v. Cantrell

[3] Defendant's Assignment of Error Nos. 4-6 relate to the sentencing of the defendant. The court found as aggravating factors that the offense was committed for hire or pecuniary gain and that the defendant was armed with a deadly weapon at the time of the crime. Because the evidence that defendant used a deadly weapon was employed to prove an essential element of the crime, it was error for the court to rely on this same evidence to find as an aggravating factor that defendant was armed with a deadly weapon at the time of the crime. Similarly, it was error to find as an aggravating factor that the offense was committed for pecuniary gain where the finding was based on the same evidence as that showing defendant took property of value from another. N.C. G.S. § 15A-1340.4(a)(1). See also *State v. Setzer*, 61 N.C. App. 500, 301 S.E. 2d 107 (1983) and *State v. Thompson*, 60 N.C. App. 679, 300 S.E. 2d 29 (1983). These errors in finding factors in aggravation require a new sentencing hearing. *See State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

Remanded for resentencing.

Judges WEBB and HILL concur.