STEPHANIE S. HUNNICUTT AND HUSBAND, JAMES E. HUNNICUTT v. MARION GRIFFIN

No. 8415SC1160

(Filed 6 August 1985)

1. **Physicians, Surgeons and Allied Professions § 20.2— erroneous instructions in medical malpractice case**

    The trial court's instructions in a medical malpractice case were erroneous under the decision of *Wall v. Stout*, 310 N.C. 184, 311 S.E. 2d 571 (1985), where the court instructed the jury that a general surgeon providing orthopedic care is not responsible for a mistake if his diagnosis, analysis or judgment is the result of "honest error," instructed that a general surgeon providing orthopedic care "does not ordinarily guarantee or insure the correctness of his diagnosis, analysis, or judgment as to the nature of the patient's condition," and instructed on six different occasions that negligence cannot be presumed from the mere fact of injury.

2. **Rules of Civil Procedure § 59— instruction erroneous when case overruled— failure to object—award of new trial**

    The trial judge properly awarded plaintiffs a new trial in a medical malpractice action under G.S. 1A-1, Rule 59 when the authority upon which he based his charge had been overruled by the N. C. Supreme Court the day of the charge conference and the day before the charge was given, notwithstanding plaintiffs' counsel failed to object to the charge. App. Rule 10(b)(2).

3. **Appeal and Error § 67— appellate decision—when binding**

    An appellate decision becomes binding authority upon filing, not upon publication in the advance sheets or reports or upon discovery by counsel or judge.

APPEAL by defendant from *Robert H. Hobgood, Judge*. Order entered 29 February 1984 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 15 May 1985.

*Blanchard, Tucker, Twiggs, Earls & Abrams, P.A., by Charles F. Blanchard and Irvin B. Tucker, Jr., and Allen & Walker, by Louis C. Allen, Jr., for plaintiff appellees.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Thomas C. Duncan and Martha T. Peddrick, for defendant appellant.*

BECTON, Judge.

This case presents an appeal from an order of the trial court awarding plaintiffs, Stephanie and James Hunnicutt, a new trial.

Finding that the court did not abuse its discretion in awarding a new trial, we affirm.

I

In this medical malpractice action, the Hunnicutts allege that defendant doctor, Marion Griffin, was negligent in his treatment of a femur fracture suffered by Mrs. Hunnicutt. The case was heard before a jury. On 2 February 1984, at the conclusion of the presentation of the evidence, a charge conference was held. Plaintiffs did not object to any part of the instructions during the conference. The following morning, 3 February 1984, the trial judge charged the jury. Counsel were then given an opportunity to object to the jury instructions. Except for an objection directed specifically to the issue of damages, not germane to this appeal, the Hunnicutts' counsel made no objection. Nor did the Hunnicutts' counsel object when, after having given the jury a supplemental charge at their request, the trial judge again asked for objections.

The jury returned a verdict in favor of Dr. Griffin, and judgment was entered thereon. On 10 February 1984, the Hunnicutts moved for a new trial pursuant to N.C. Gen. Stat. Sec. 1A-1, Rule 59 (1983). The trial court granted the motion, stating that a new trial was being allowed because of error in the jury instructions, such error being caused by a change in the applicable law as a result of a decision handed down by the North Carolina Supreme Court on 2 February 1984 at 11:24 a.m., *Wall v. Stout*, 310 N.C. 184, 311 S.E. 2d 571 (1984), reversing the opinion of this Court reported at 61 N.C. App. 576, 301 S.E. 2d 467 (1983).

II

The contentions of the parties are easily summarized. Defendant Griffin argues that plaintiffs Hunnicutts' failure to object to the charge constituted a waiver of any later right to claim prejudice. Defendant Griffin relies on Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure, which precludes a party from assigning error to any portion of the jury charge unless that party has made an objection thereto before the jury retires. Dr. Griffin argues that the Hunnicutts were required to object to any portions of the charge they felt were erroneous and prejudicial, whether or not the instructions were consistent with prior case

law, and that it was therefore an abuse of discretion for the trial judge to award a new trial when no objection had been made. In the alternative, Dr. Griffin argues that the jury charge comports with *Wall v. Stout*.

The Hunnicutts contend that the jury instructions were erroneous in light of the Supreme Court's opinion in *Wall v. Stout*, and further contend that in the particular context of this case, their failure to object to the jury instructions was not a waiver of their right to challenge them. Without disputing the rule that jury instructions must be objected to before they are reviewed, the Hunnicutts maintain that this case is controlled by the exception to the general rule, namely, that no objection is required when it would not have produced any result in the trial court because a "solid wall of appellate authority" then foreclosed the point.

A

[1] Before determining whether the Hunnicutts' failure to object to the charge precluded the trial court from granting them a new trial, we examine whether, under *Wall v. Stout*, the charge was in fact erroneous. We conclude that it was.

In the instant case, the jury was instructed that a general surgeon providing orthopedic care is not responsible for a mistake if the "diagnosis, analysis, or judgment is the result of honest error." The Supreme Court found nearly identical instructions in *Wall v. Stout* prejudicial, holding that the phrase "honest error" should not be used in instructing the jury on a physician's liability because of its "potentially misleading and exculpatory import." *Id.* at 194, 311 S.E. 2d at 577.

Next, in both the original and supplemental charges, the trial court instructed the jury that "a general surgeon providing orthopedic care does not ordinarily guarantee or ensure the correctness of his diagnosis, analysis, or judgment as to the nature of the patient's condition." In the case at hand, as in *Wall v. Stout*, the facts did not give rise to the issue of a physician's guarantee, and therefore the quoted instruction should not have been given. *See id.* at 196-7, 311 S.E. 2d at 578-9. Such an extraneous instruction is *prejudicial* error because it interjects unnecessary considerations, and because it is exculpatory. *Id.* In both cases, the error was compounded by repetition of the instruction.

Finally, in *Wall v. Stout*, the jury was instructed on three different occasions that negligence cannot be presumed from the mere fact of injury. In the case before us, this instruction was given six different times, thrice in the original charge, and thrice more in the supplemental charge. Our case provides an even more dramatic example for the Supreme Court's conclusion "that repetition of this legal maxim . . . was excessive and tended to overemphasize yet another legal principle exculpatory to defendant." *Id.* at 200, 311 S.E. 2d at 581.

We note that the pattern jury instructions expressly disapproved in *Wall v. Stout* were the same instructions relied upon by the trial court in framing the charge here. The instant charge thus markedly resembles the charge in *Wall v. Stout*, and like that latter charge, is unduly exculpatory and emphatically favorable to the defendant. *See Morrison v. Stallworth*, 73 N.C. App. 196, 326 S.E. 2d 387 (1985) (along with other errors, charge that included instruction that doctor does not guarantee or insure successful breast examination and diagnosis, entitled plaintiff to new trial).

B

[2]   Concluding as we do that error inhered in the jury charge, we turn to the primary question of this appeal: whether the Hunnicutts are entitled to a new trial. We note at the outset that both parties have analyzed this case under Appellate Rule 10(b)(2), which rule undeniably requires that jury instructions be objected to in order for a party to preserve its right to challenge them on appeal. *See State v. Fennell*, 307 N.C. 258, 297 S.E. 2d 393 (1982) (Rule 10(b)(2) is mandatory, not directory). However, this appeal does not involve a direct challenge by the Hunnicutts to the propriety of the jury instructions. Rather, this case is an appeal from an order granting a Rule 59 motion for a new trial. The trial judge's granting of a motion for a new trial may only be reversed upon a showing of an abuse of discretion. *Worthington v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). No precise test has been developed for determining abuse, and it is the rare case in which this discretionary grant will be disturbed on appeal. *See id.* However,

[w]hen a Judge presiding at a trial below grants or refuses to grant a new trial because of some question of 'law or legal in-

ference' which [the judge] decides, and either party is dissat-
isfied with [the] decision of that matter of law or legal
inference, [t]he decision may be appealed from, and we may
review it.

*Id.* at 483, 290 S.E. 2d at 603 (quoting *Brink v. Black*, 74 N.C. 329,
329 (1876)). The trial judge's grant of a new trial was expressly
premised on the effect of *Wall v. Stout* on these proceedings.
Thus, his order is reviewable by us as a matter of law.

In making our analysis, we emphasize that this case does not
involve a retroactive application of *Wall v. Stout*. Instead, we are
called upon to determine if the trial judge properly awarded a
new trial when the authority upon which he based his charge had
been overruled immediately before the charge was given, even
though counsel failed to object to the charge. We conclude that
not only did the trial judge have the discretion to award a new
trial, but that in these circumstances, he was required to.

[3]  When *Wall v. Stout* was filed on the morning of 2 February
1984 at 11:24 a.m., it became the law in North Carolina. It is
elementary that a case becomes binding authority upon filing, not
upon publiction in the advance sheets or in the reporters or upon
discovery by counsel or judge. *See State v. Riven*, 299 N.C. 385,
261 S.E. 2d 867 (1980) (filing date of opinion used in giving pros-
pective application). Simply stated, at the time the jury was
charged, they were instructed pursuant to legal principles no
longer the law in this State. In our opinion, the decision to award
a new trial was not a mere permissible exercise of discretion; it
was the only decision at which the trial judge could properly ar-
rive.

Our decision receives solid support from the policy reasons
underlying Rule 10(b)(2) of the North Carolina Rules of Appellate
Procedure, and its federal counterpart, Rule 51 of the Federal
Rules of Civil Procedure. According to our Supreme Court, the
purpose of Rule 10(b)(2) is to encourage the parties to inform the
trial court of errors in its instructions so that it can correct the
instructions and cure any potential errors before the jury delib-
erates on the case and thereby eliminate the need for a new trial.
*State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). *Accord, Wall
v. Stout*. Likewise, it has been said that Federal Rule 51 "was
designed to prevent unnecessary new trials caused by errors in

instructions that the district court could have corrected if they had been brought to its attention at the proper time. . . . The rule was not intended to require pointless formalities." *Robinson v. Heilman*, 563 F. 2d 1304, 1306 (9th Cir. 1977) (per curiam) (citations omitted). *Accord Brown v. AVEMCO Inv. Corp.*, 603 F. 2d 1367 (9th Cir. 1979) (where plaintiff failed to object and trial court "fully aware" of plaintiff's position, "[t]o preclude review of the trial court's instructions . . . would exalt form over substance with injustice to plaintiffs"). *See also Lang v. Texas & Pac. Ry. Co.*, 624 F. 2d 1275 (5th Cir. 1980).

*Robinson v. Heilman* presented a fact situation similar to the one before us. In *Robinson*, the lower court instructed the jury based on authority that was overruled while the case was on appeal. The plaintiffs argued that Rule 51 barred the defendants from contending that the instructions were erroneous. The Ninth Circuit disagreed:

> No exception is required when it would not have produced any results in the trial court because 'a solid wall of Circuit authority' then foreclosed the point. . . . '[W]ere we to insist that an exception be taken to save the point for appeal, the unhappy result would be that we would encourage defense counsel to burden district courts with repeated assaults on the then-settled principles out of hope that those principles will be later overturned.'

*Robinson v. Heilman*, 563 F. 2d at 1307 (quoting *United States v. Scott*, 425 F. 2d 55, 57-8 (9th Cir. 1970) ).

In this case, it is obvious that any objection lodged by the Hunnicutts would have been unavailing. The trial judge instructed the jury in accordance with what to him was still established law. *See Wall v. Stout*, 310 N.C. at 190, 311 S.E. 2d at 576 (charge "nearly in precise conformity with the pattern jury instructions and our prior case law"). Both court and counsel were understandably unaware that the law had changed: it would be unreasonable to expect either to be informed of such changes in the law when they occurred only hours before the jury was charged. And while we encourage the practicing bar to take responsibility for changing the law by challenging instructions they believe to be incorrect or unjust, under the circumstances of

this case they are not to be penalized for failing to object to instructions which reflect the controlling law of the jurisdiction.

### III

In summary, we conclude that the jury instructions were erroneous under the controlling law stated in *Wall v. Stout.* We further conclude that since *Wall v. Stout* was filed the very day of the charge conference, and the day before the jury was charged, both counsel and court lacked a realistic opportunity to apprise themselves of the holding in that case. Under these circumstances, although plaintiffs did not object to the jury instructions, it was not error for the trial court to grant a new trial on the grounds that the jury had been erroneously charged.

Affirmed.

Judges PHILLIPS and EAGLES concur.