WACHOVIA BANK & TRUST COMPANY, N.A. v. VERNON L. GUTHRIE AND JOYCE GUTHRIE

No. 833DC162

(Filed 3 April 1984)

**1. Appeal and Error § 31.1— plain error rule—inapplicability to civil cases**

The "plain error" rule for errors in the charge applies only in criminal cases. However, assuming that the "plain error" exception to the App. Rule

10(b)(2) requirement that objection to the charge be made before the jury retires should extend to civil cases, there was no fundamental error in this case which would cause the appellate court to invoke its powers under App. Rule 2 to suspend the operation of App. Rule 10(b)(2).

**2. Witnesses § 5— internal memorandum—inadmissibility for corroboration**

The trial court did not abuse its discretion in refusing to allow into evidence an internal memorandum written by plaintiff's employee for the purpose of corroborating the employee's testimony where the memorandum contained extraneous matters not in evidence and its admission could have unfairly prejudiced defendants.

APPEAL by plaintiff from *Rountree, Judge.* Judgment entered 4 October 1982 in District Court, CARTERET County. Heard in the Court of Appeals 17 January 1984.

This is a civil action wherein plaintiff, a bank, seeks to recover from defendants money allegedly owed to it as the unpaid balance on a promissory note.

On or about 28 November 1975, defendants executed a promissory note in favor of plaintiff bank in the original amount of $5,457.26. The note was secured by a mortgage on defendants' fishing trawler, the "Carmen Louise." The terms of the note provided for payment of principal and interest in forty-two monthly installments of $151.96, beginning in February of 1976. Defendants made payments on the note until June of 1977.

On 1 December 1981, plaintiff instituted the present action seeking to recover the alleged unpaid balance of $4,066.04 due on the note plus interest and attorney fees. Defendants responded, denying the material allegations of the complaint and asserting in substance the affirmative defense of accord and satisfaction. Defendants alleged that, at the request of plaintiff, they had signed certain documents purporting to transfer the "Carmen Louise" to plaintiff, that plaintiff thereafter sold the "Carmen Louise" to a third party, and that, at the time of the transfer, the "Carmen Louise" had a value in excess of the amount owed on the note.

Both sides presented evidence at trial. The testimony of Mr. Bennett, an officer of plaintiff bank who supervised the loan to defendants, constituted the plaintiff's case in chief. Plaintiff's witnesses in rebuttal were Mr. Bennett again, Mr. Russell, the owner-operator of a boat repair yard, and Mr. Oglesby, the third

party to whom the boat was allegedly sold. Defendant Vernon L. Guthrie testified for the defendants.

In addition to the factual allegations in the complaint, plaintiff's evidence tended to show that the "Carmen Louise" had been under repair at a repair yard owned and operated by Mr. Russell and that defendants could not pay the bill for the repairs. Consequently, the boat lay unused in the water at Russell's dock for a period of several months until it sank. After determining that the repair bill would not be paid by defendants, Mr. Russell consulted Mr. Bennett about removing the "Carmen Louise." The two of them arranged to transfer the boat to Mr. Oglesby for an unspecified price. The arrangements for the transfer included having defendants sign certain documents "releasing" the boat to plaintiff bank. The exact nature of the documents signed is not clear and they have not been made part of the record. Plaintiff's evidence also tended to show that the value of the "Carmen Louise" at the time of the transfer to Oglesby was less than the amount said to be owing on the note. Plaintiff asserts that it received nothing from the transfer of the boat.

Defendants' evidence tended to show basically the same facts as plaintiff's evidence. Defendants were behind in their payments to the bank and owed Mr. Russell a substantial sum for repairs on the boat. Vernon Guthrie testified that he signed certain papers at the request of Mr. Bennett in order to "turn the boat over to Wachovia so they could get rid of it." The major material difference in the evidence presented by plaintiff and defendants pertained to the estimated value of the boat when it was transferred to Oglesby. Defendant Vernon Guthrie gave his opinion that the fair market value of the "Carmen Louise" at that time was between eight and ten thousand dollars, in excess of the amounts allegedly due on the note and on the repair bill. Defendants contend that their release of the vessel to Wachovia and its subsequent sale constituted accord and satisfaction of the amount due on the note.

Plaintiff submitted several documents into evidence, including the promissory note and security agreement. At the close of its rebuttal testimony, plaintiff tendered as evidence an internal memorandum from Mr. Bennett to other officers in plaintiff Wachovia Bank. The memorandum explained what was happening

with the "Carmen Louise" and the promissory note. Plaintiff asserted that the memorandum was offered to corroborate Mr. Bennett's testimony. Upon the objection of counsel for defendants, the court did not allow the memorandum into evidence.

The court then instructed the jury on the law, summarized the evidence and submitted the following issue: "What amount, if any is the plaintiff entitled to recover of the defendant?" Although exceptions to the jury instructions and the summary of the evidence are noted in the record, neither party objected to the jury charge prior to the retirement of the jury. To the issue submitted, the jury answered, "None," and the court entered judgment for the defendants on this verdict. Plaintiff's motion for a new trial was denied and plaintiff appealed.

*Mason and Phillips, by L. Patten Mason, for plaintiff appellant.*

*H. Buckmaster Coyne for defendant appellee.*

EAGLES, Judge.

I

In its argument, plaintiff purports to bring forward several exceptions and assignments of error relating to the trial court's instructions to the jury. Briefly summarized, plaintiff's arguments are: (1) that the court failed to instruct the jury properly on the law arising from the facts of the case, (2) that the court failed to instruct the jury properly on the substance and effect of the parties' stipulations, (3) that the court made several erroneous statements in its summary of the evidence that were not corrected, and (4) that the court did not correctly answer a question raised by the jury after deliberations had begun.

Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure provides in part as follows:

> No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objec-

tion out of the hearing of the jury and, on request of any party, out of the presence of the jury.

Applying the rule here, it does not appear that any of plaintiff's exceptions relating to the jury instructions are properly before this Court. The record affirmatively discloses that plaintiff was afforded an opportunity, as required by the rule, to note its objection to the jury charge prior to the retirement of the jury. Neither the record nor the transcript, however, indicate that the required objection was made.

[1] In its memorandum of additional authority, plaintiff cites us to the recent case of *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983), for the proposition that, where an appellant fails to object to the jury charge as required by Rule 10(b)(2), the court may nevertheless review the charge for " '[p]lain errors or defects affecting substantial rights.' " *Id.* at 660, 300 S.E. 2d at 378, *quoting* Rule 52(b), Fed. R. Crim. P. *See U.S. v. McCaskill*, 676 F. 2d 995 (4th Cir. 1982), *cert. denied*, 459 U.S. 1018, 103 S.Ct. 381, 74 L.Ed. 2d 513 (1982) (stating "plain error" rule). Plaintiff notes that *State v. Odom* appears to limit the application of the "plain error" rule to criminal cases but contends that the instant case presents appropriate circumstances for extending the rule to civil actions. We disagree. Our reading of *State v. Odom* convinces us that our Supreme Court intended the "plain error" rule to apply only in criminal cases. We are aided to this interpretation by our awareness that Appellate Rule 2 allows us to suspend the operation of the Rules of Appellate Procedure in appropriate cases to, among other things, "prevent manifest injustice to a party." N.C. R. App. P. 2. Therefore, we decline to enlarge the "plain error" rule adopted in *State v. Odom* to encompass civil cases. *But cf. In re Will of Maynard*, 64 N.C. App. 211, 307 S.E. 2d 416 (1983) ("plain error" extended in *dicta* to civil cases). Assuming *arguendo* that the "plain error" exception to the operation of Rule 10(b)(2) should extend to civil cases, we perceive no plain error sufficient to warrant a waiver of the operation of Rule 10(b)(2) in this case.

"Rule 10(b)(2) of our Rules of Appellate Procedure requiring objection to the charge before the jury retires is mandatory and not merely directory." *State v. Fennell*, 307 N.C. 258, 263, 297 S.E. 2d 393, 396 (1982). Our review of the record in this case does not reveal any error in the court's charge to the jury that is so

fundamental that we would invoke our powers under Appellate Rule 2 to suspend Rule 10(b)(2) and consider plaintiff's relevant exceptions and assignments of error and the arguments advanced in support of them.

II

[2] Plaintiff next contends that it was error for the trial court to refuse to allow into evidence the internal memorandum written by Mr. Bennett, an employee witness for plaintiff, concerning the transfer of the "Carmen Louise." Plaintiff contends that this memorandum corroborates Mr. Bennett's testimony regarding the release of the boat as security for the note.

In North Carolina, corroborative evidence in the form of a prior consistent statement, written or verbal, is admissible evidence provided that it is substantially consistent with the witness's testimony at trial. *See* Brandis, N.C. Evidence §§ 51-52 (1982). Where the statement goes beyond corroboration and touches upon matters not in evidence, it is not admissible. *Id.; e.g., State v. Warren,* 289 N.C. 551, 223 S.E. 2d 317 (1976). With regard to the admissibility of corroborative evidence in civil cases, trial judges in North Carolina are allowed considerable discretion. *Miller v. Kennedy,* 22 N.C. App. 163, 205 S.E. 2d 741, *cert. denied,* 285 N.C. 661, 207 S.E. 2d 755 (1974); *Reeves v. Hill,* 272 N.C. 352, 158 S.E. 2d 529 (1968). *See generally,* Brandis, *supra,* § 51.

Here, the memorandum that plaintiff offered into evidence, while corroborating Bennett's testimony, contained extraneous matters not in evidence. Its admission could have unfairly prejudiced defendants; its exclusion worked no prejudice to plaintiff. The trial court did not abuse its discretion in refusing to allow the memorandum into evidence.

III

Finally, plaintiff excepts to and assigns as error the trial court's entry of judgment and the denial of its motion under G.S. 1A-1, Rule 59(a), for a new trial. The arguments advanced in support of these assignments of error depend on our finding merit in plaintiff's previous arguments, considered and rejected above. Accordingly, we find that the evidence does support the verdict and that judgment was properly entered thereon. It was not error for

the court to deny plaintiff's motion for a new trial. The judgment appealed from is affirmed.

No error.

Judges HEDRICK and HILL concur.