JOHNETTA PEMBERTON, ADMINISTRATRIX OF THE ESTATE OF JOHN W. CANNON, DECEASED v. RELIANCE INSURANCE COMPANY

No. 8614SC398

(Filed 18 November 1986)

1. **Insurance § 87— automobile liability insurance—permission for driver to drive**

   Where plaintiff's intestate was injured in an automobile accident and obtained a judgment against the driver, but defendant, which insured the vehicle, denied liability on the ground that the driver had neither express nor implied permission to drive the vehicle, the trial judge properly denied defendant's motions for directed verdict, judgment n.o.v., and a new trial where the evidence was sufficient for the jury to find that the driver's brother was listed in the insurance policy as an operator of the insured vehicle and was therefore an original permittee; at the time of the accident the driver was driving home after being told by the brother that he "better take the car home" because he knew he wasn't supposed to be driving it; and the jury could reasonably infer from this evidence that the brother gave the driver the express permission to drive the vehicle to his home.

2. **Insurance § 87— automobile liability insurance—lawful possession of driver— physical handing over not required**

   A literal physical handing over of a vehicle is not required before "lawful possession" may occur.

APPEAL by defendant from *Bowen, Judge.* Judgment entered 20 December 1985 in Superior Court, DURHAM County. Heard in the Court of Appeals 14 October 1986.

*Neil M. O'Toole for plaintiff appellee.*

*Faison, Brown, Fletcher & Brough, by O. William Faison and Reginald B. Gillespie, Jr., for defendant appellant.*

BECTON, Judge.

Plaintiff, as administratrix of the estate of John W. Cannon, filed this action against Reliance Insurance Company (Reliance) for satisfaction of a prior judgment entered against Douglas Holloway for injuries negligently inflicted upon John Cannon in

an automobile accident. Reliance denied liability, asserting that Douglas Holloway had neither express nor implied permission to drive Edward B. Holloway's insured vehicle and that, therefore, the liability insurance policy issued by Reliance to Edward Holloway did not afford coverage for payment of the judgment against Douglas Holloway under N.C. Gen. Stat. Sec. 20-279.21 (b)(2) (1983 & Cum. Supp. 1985). The sole issue presented to the jury, to which it responded in the affirmative, was whether Douglas Holloway was "in lawful possession" of the automobile at the time of the accident.

On appeal, Reliance assigns as error the trial court's denial of Reliance's (1) motion for directed verdict at the close of the plaintiff's evidence, (2) renewed motion for directed verdict at the close of all the evidence, (3) motion for judgment notwithstanding the verdict, and (4) alternative motion for a new trial. We conclude that the trial judge properly denied the motions, and therefore we affirm.

I

On 12 December 1981, a 1976 Buick Regal automobile driven by Douglas Holloway collided with another automobile which was parked alongside the curb of Glenbrook Avenue in Durham, North Carolina. John W. Cannon, who was seated in the parked automobile at the time of the collision, subsequently obtained a judgment against Douglas Holloway for injuries suffered in the accident. Mr. Cannon later died of causes unrelated to the accident.

At the time of the accident, Douglas Holloway lived with his mother, Wyvette Holloway, at her home on DaVinci Street in Durham. The Buick Regal automobile had been a gift to Wyvette Holloway from her son, Edward Holloway (Douglas's eldest brother). However, Edward remained record title owner of the car. The liability insurance policy covering the Regal, issued by Reliance to Edward Holloway, named Wyvette Holloway and Thomas Holloway (a third brother) as operators of the car.

In order to establish that Douglas Holloway was an impliedly permissive user of the Regal, the plaintiff offered at trial the testimony of Dennis Ellerbe, a friend and neighbor of Douglas Holloway at the time of the December 1981 accident. Mr. Ellerbe stated that he had gone riding with Douglas in the Regal nine or

ten times in the month and a half immediately preceding the accident, using the car for fishing expeditions or for picking up auto parts. On those occasions he and Douglas would meet at Douglas' home on DaVinci Street and depart from there with Douglas at the wheel. Mr. Ellerbe testified that, on at least one occasion, Wyvette Holloway saw them leave together in the Regal, that she never tried to stop Douglas from using the car, and that Douglas never made any attempt to conceal his use of the car from his mother. Mr. Ellerbe further stated that he had seen Douglas driving the Regal around the neighborhood on several other occasions during the month prior to the accident.

Reliance introduced evidence at trial that Edward Holloway never gave permission for Douglas to operate the car, that Wyvette Holloway had expressly denied Douglas permission to drive it, that Douglas's use of the vehicle was always without her knowledge or assent, and that Douglas made efforts to conceal his use of the Regal from his mother. In addition, cross examination of Douglas Holloway revealed that on 12 December 1981, at the time of the accident, Douglas was en route from the home of his brother, Thomas Holloway, to the house on DaVinci Street. On redirect examination, Douglas testified in pertinent part as follows:

Q. So, you hid from Thomas the fact that you had the car?

A. Yeah, because he knew I wasn't supposed to have it, too, and the day of the accident I went directly to his house and he told me I better take the car home because I knew I wasn't supposed to have it. That's what I was doing [when the accident occurred].

II

[1] The question presented by Reliance's motion for directed verdict is whether the evidence that Douglas Holloway was in lawful possession of the car at the time of the accident is sufficient to carry the case to the jury. *See Kelly v. International Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971). The plaintiff is entitled to the benefit of every reasonable inference which may legitimately be drawn from the evidence, and all conflicts must be resolved in her favor. *West v. Slick*, 313 N.C. 33, 326 S.E. 2d 601 (1985). A directed verdict is proper only when the plaintiff has

failed to show a right to recover upon *any* view of the facts which the evidence reasonably tends to establish. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977). Furthermore, a motion for judgment notwithstanding the verdict is essentially a renewal of the motion for directed verdict, and the same standard of sufficiency of the evidence applies to both motions. *Smith v. Price*, 74 N.C. App. 413, 328 S.E. 2d 811, *disc. rev. allowed*, 314 N.C. 332, 333 S.E. 2d 491 (1985).

The Motor Vehicle Financial Responsibility Act provides that an owner's policy of liability insurance

[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, *or any other persons in lawful possession*, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle
. . . .

N.C. Gen. Stat. Sec. 20-279.21(b)(2) (1983 & Cum. Supp. 1985) (emphasis added). This Court has interpreted the 1967 amendment to the statute, which added the language in italics, to signify that the legislature favors a liberal rule of construction in determining the scope of coverage under the omnibus clause of liability insurance. *Packer v. Travelers Insurance Co.*, 28 N.C. App. 365, 221 S.E. 2d 707 (1976); *Jernigan v. State Farm Mutual Automobile Insurance Co.*, 16 N.C. App. 46, 190 S.E. 2d 866 (1972). An analysis of the case law interpreting the reach of this statute reveals that at least three classes of persons using an insured automobile must be covered by the omnibus clause: (1) persons named in the insurance policy ("the person named therein"), (2) "original permittees"—persons using a vehicle with the express or implied permission of the named insured, and (3) other persons in lawful possession including "second permittees"—third parties using a vehicle with the permission of an "original permittee." *See Belasco v. Nationwide Mutual Insurance Co.*, 73 N.C. App. 413, 326 S.E. 2d 109, *disc. rev. denied*, 313 N.C. 596, 332 S.E. 2d 177 (1985) and cases cited therein. In *Belasco*, this Court stated that ". . . a person is in lawful possession of a vehicle under an omnibus clause if he is given possession of the automobile by the automobile's owner or owner's permittee under a good faith belief

that giving possession of the vehicle to the third party would not be in violation of any law or contractual obligation." *Id.* at 419, 326 S.E. 2d at 113.

Reliance first assigns as error the trial court's denial of its original motion for directed verdict made at the close of the plaintiff's evidence. Reliance argues that the plaintiff's evidence alone is insufficient to support the jury's finding that Douglas Holloway was in lawful possession of the automobile. However, Reliance is no longer entitled to a ruling based solely on the plaintiff's evidence. A defendant who introduces evidence in his own behalf, after his motion for directed verdict at the close of the plaintiff's evidence is denied, waives the right to assign error to the denial. *See Overman v. Gibson Products Co.*, 30 N.C. App. 516, 227 S.E. 2d 159 (1976); *Citrini v. Goodwin*, 68 N.C. App. 391, 315 S.E. 2d 354 (1984). In ruling on Reliance's renewed motion at the close of all the evidence and on the motion for judgment notwithstanding the verdict, Reliance's own evidence may be considered to the extent it is favorable to the plaintiff's case or not in conflict with the plaintiff's evidence. *See id. See also Tate v. Bryant*, 16 N.C. App. 132, 191 S.E. 2d 433 (1972).

It is clear from the record that Wyvette Holloway exercised the primary use and control of the insured vehicle with the permission of Edward, its owner, and was thus an "original permittee." The plaintiff maintains that sufficient evidence was presented from which the jury could find that Douglas Holloway drove the automobile with the acquiescence and implied permission of Wyvette and was thus "in lawful possession." The plaintiff further contends that the evidence supports a determination that Douglas, at the time of the accident, was driving with the express permission of Thomas Holloway, another "original permittee." Because we agree with the plaintiff's latter assertion we find it unnecessary to decide whether sufficient evidence existed that Douglas had Wyvette's implied permission to use the car.

First, the evidence shows that Thomas Holloway was listed in the insurance policy as an operator of the Buick Regal. Reliance contends that this is insufficient to establish that Thomas was an original permittee absent some further showing that Thomas used the car or was aware that he had the authority to use it. We reject that contention and hold that the naming of

Thomas in the policy as an operator of the vehicle is prima facie evidence from which the jury could infer that Thomas Holloway had the permission of Edward Holloway, the owner, to use the car.

Second, Douglas Holloway's own testimony revealed that at the time of the accident he was driving home after being told by Thomas that he "better take the car home" because he knew he wasn't supposed to be driving it. Reliance argues that this merely constitutes an affirmation by Thomas that Douglas was *not* permitted to drive the Regal. However, this testimony is susceptible of another interpretation—a jury could reasonably infer from it that Thomas gave Douglas the express permission to return the Regal to the DaVinci Street house.

[2]  In concluding our discussion of "lawful possession," we find it necessary to clarify the definition of that term which this Court articulated in *Belasco v. Nationwide.* Reliance maintains that *Belasco* requires a driver to have been literally "*given* possession" of a vehicle in order to be "in lawful possession." It would follow that Thomas could not have given possession on the day of the accident because Douglas already had possession of the car, and therefore Thomas's directive to Douglas to take the car home could not suffice to establish "lawful possession." However, Reliance overemphasizes the literal language used in *Belasco*. It was not our intention to require a literal physical handing over of a vehicle before "lawful possession" may occur. To do so would be to impose a more strict standard than that applied in determining the existence of permission. Yet, this Court has held that parties seeking recovery under a theory of permission must meet a higher standard than those seeking recovery under a theory of mere lawful possession. *Carson v. Nationwide Insurance Co.*, 36 N.C. App. 173, 178, 243 S.E. 2d 429, 432 (1978).

In summary, we hold that there was adequate evidence tending to show that Thomas Holloway was an "original permittee" of Edward Holloway and that Thomas gave lawful possession of the Regal to Douglas Holloway within the meaning of *Belasco* and N.C. Gen. Stat. Sec. 20-279.21(b)(2). Therefore, the plaintiff was entitled to have the issue of lawful possession submitted to the jury.

## III

In support of its alternative motion for a new trial, Reliance asserts that the evidence adduced in this case is inadequate to support the verdict; that hence, the verdict must be either the result of the jury's disregard for, or misunderstanding of, the court's instructions or the product of passion, prejudice, or sympathy.

Our scope of review of a trial judge's discretionary order granting or denying a new trial is extremely limited. Such an order may be reversed on appeal only in those "exceptional cases" in which a manifest abuse of discretion is clearly demonstrated by the record. *Worthington v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). We have already concluded that the evidence of "lawful possession" was adequate to support the jury's verdict. We find no abuse of discretion by the trial court in denying a new trial.

For the foregoing reasons, we hold that the trial court properly denied Reliance's motions for directed verdict, judgment notwithstanding the verdict, and new trial.

Affirmed.

Judges WEBB and EAGLES concur.