MOHAMED SALEH ZUBAIDI AND ABDO A. HAFEED, PLAINTIFFS v. EARL L. PICKETT ENTERPRISES, INC. AND EARL L. PICKETT, DEFENDANTS

No. COA03-685

(Filed 4 May 2004)

**1. Pleadings— verbal amendment to complaint—punitive damages**

The trial court did not err in an action for breach of a lease/purchase agreement, conversion, and unfair and deceptive trade practices by allowing plaintiffs' motion to further amend

the complaint to allege a claim for punitive damages, because plaintiffs' complaints gave sufficient notice of the events or transactions which produced the claim of punitive damages.

**2. Landlord and Tenant— breach of lease/purchase agreement—right of reentry—motion for directed verdict**

The trial court did not err by denying defendants' motion for directed verdict on plaintiffs' claim of breach of the lease/purchase agreement even though defendants contend the evidence shows that plaintiffs were in default of their payments under the agreement which gave defendants the right of reentry into the store under the lease, because: (1) plaintiffs' evidence showed that all rental payments had been made and accepted by defendants at the time of defendants' reentry into the store; (2) plaintiffs' evidence showed all promissory note payments had been made and accepted by defendants at the time of their reentry, and (3) plaintiffs presented evidence establishing that defendants failed to provide adequate notice of default prior to reentry into the store.

**3. Conversion— motion for directed verdict—dispute involving lease/purchase agreement**

The trial court did not err by denying defendants' motion for directed verdict on plaintiffs' claim of conversion arising out of a dispute involving a lease/purchase agreement, because: (1) plaintiffs presented evidence showing that on 23 March 2000 defendants were caught in the act of removing plaintiffs' property from the store, in direct violation of a preliminary injunction issued two days earlier; and (2) defendants also admitted entering plaintiffs' store and selling plaintiffs' inventory on 12 March 2000.

**4. Damages and Remedies— punitive damages—motion for directed verdict**

The trial court did not err by denying defendants' motion for directed verdict on plaintiffs' claim for punitive damages arising out of the breach of a lease/purchase agreement, because: (1) plaintiffs presented evidence that the lease/purchase agreement required defendants to provide notice of default and an opportunity to cure prior to exercising any right to self-help; (2) defendants failed to show plaintiffs were in default or that plaintiffs were provided with the required notice; and (3) the evidence showed willful and wanton conduct by defendants in

ZUBAIDI v. EARL L. PICKETT ENTERS., INC.

[164 N.C. App. 107 (2004)]

breaching the lease/purchase agreement and in converting plaintiffs' property.

**5. Appeal and Error— preservation of issues—failure to object**

Defendants waived appellate review of issues as to whether the trial court erred in an action for breach of a lease/purchase agreement, conversion, and unfair and deceptive trade practices by instructing the jury regarding the issues of punitive damages, substantial performance under the lease/purchase agreement, and possession of the leased premises, because: (1) defendants failed to object to the jury instructions before the jury retired to deliberate; and (2) plain error review does not apply to civil cases and is limited to appeals in criminal cases.

**6. Damages and Remedies— punitive damages—judicial review**

The trial court did not err in an action for breach of a lease/purchase agreement, conversion, and unfair and deceptive trade practices by failing to review and set aside the punitive damages awarded by the jury, because: (1) N.C.G.S. § 1D-50 does not require judicial review of a punitive damage award to be mandatory; and (2) there was no case law holding judicial review to be mandatory except in cases where the award exceeds the statutory limits, and the award in this case was within the statutory limits provided in N.C.G.S. § 1D-25(b).

**7. Injunction— preliminary injunction—temporary restraining order—motion in limine**

The trial court did not err in an action for breach of a lease/purchase agreement, conversion, and unfair and deceptive trade practices by denying defendants' motion in limine and allowing evidence that plaintiffs had obtained a temporary restraining order (TRO) and preliminary injunction against defendants, because: (1) defendants' willful, wanton, and malicious disregard and violation of the TRO and preliminary injunction gave rise to the aggravating factors establishing breach of the lease/purchase agreement, conversion, and punitive damages, thus making the preliminary injunction and TRO relevant; and (2) defendants failed to show that the evidence was incompetent, immaterial, or irrelevant.

ZUBAIDI v. EARL L. PICKETT ENTERS., INC.

[164 N.C. App. 107 (2004)]

**8. Trials— motion for judgment notwithstanding verdict— motion for directed verdict**

The trial court did not err in an action for breach of a lease/purchase agreement, conversion, and unfair and deceptive trade practices by denying defendants' motions for judgment notwithstanding the verdict, because: (1) a motion for judgment notwithstanding the verdict is essentially a renewal of the motion for directed verdict, and the same standard of review applies to both motions; and (2) the Court of Appeals already concluded the trial court did not err by denying defendants' motions for directed verdict.

Appeal by defendants from judgment entered 12 September 2001 by Judge Stafford Bullock in Durham County Superior Court. Heard in the Court of Appeals 2 March 2004.

*Wardell & Associates, PLLC, by Bryan E. Wardell, for plaintiffs-appellees.*

*Loflin & Loflin, by Thomas F. Loflin III, for defendants-appellants.*

TYSON, Judge.

Earl L. Pickett Enterprises, Inc. and Earl L. Pickett ("Pickett") (collectively, "defendants") appeal from a judgment entered after a jury's verdict finding defendants guilty of breaching the lease/purchase agreement and awarding Mohamed Saleh Zubaidi and Abdo A. Hafeed (collectively, "plaintiffs") compensatory and punitive damages.

## I. Background

On 10 July 1998, plaintiffs and defendants entered into a lease/purchase agreement. Under this agreement, plaintiffs acquired business assets from defendants, including the right to operate a convenience store and gas station known as the Town N' Country Superette ("the store"). The purchase price for the sale was $235,000.00. Plaintiffs paid $100,000.00 at closing and executed a promissory note for $135,000.00 for the balance. The parties also entered into a five-year lease for the real estate and fixtures located on the property, including "the right to use all adjoining parking areas, driveways, sidewalks, roads, alleys and means of ingress and egress . . . ." The lease contained options to renew for three additional five-year terms.

A material condition of the sale was for plaintiffs to be approved as distributors for the Cary Oil Company under "terms and conditions satisfactory" to plaintiffs. Prior to the filing of the lawsuit, defendants refused to assist in the transfer of the distributorship to plaintiffs. On or about 8 March 2000, Pickett entered the store and removed the alcohol and tobacco sales licenses. Plaintiffs ceased operation of their business until they obtained new licenses.

On or about 12 March 2000, Pickett forcibly entered and operated the store and sold plaintiffs' inventory. On 15 March 2000 the trial court issued a temporary restraining order ("TRO") directing defendants to vacate the premises and prohibiting them from taking any further action regarding the store. On 21 March 2000, the trial court issued a preliminary injunction finding that defendants "failed to provide adequate notice and an adequate basis for the retaking of possession of the leased premises" and leaving the TRO in place. On 23 March 2000, plaintiffs arrived at the store and found Pickett removing inventory in violation of the preliminary injunction. Plaintiffs contacted the Durham County Sheriff's Department, and Pickett was ordered to return all items that he had removed. Upon further inspection of the store, plaintiffs found numerous items to be missing, including cash, merchandise, and equipment.

Plaintiffs brought suit against defendants alleging breach of the lease/purchase agreement, conversion, unfair and deceptive trade practices, and seeking compensatory and punitive damages. Plaintiffs also prayed for a permanent injunction enjoining further interference with their operation of the store. The jury found defendants breached the lease/purchase agreement, that plaintiffs had not breached the lease/purchase agreement, and awarded plaintiffs compensatory and punitive damages. The trial court denied defendants' motion for judgment notwithstanding the verdict and motion to set aside the verdict and for a new trial. Defendants appeal.

## II. Issues

The issues are whether the trial court erred in: (1) allowing plaintiffs' verbal motion to further amend the complaint to allege a claim for punitive damages, (2) submitting the issue of punitive damages to the jury, (3) charging the jury on the issue of punitive damages, (4) failing to charge the jury that plaintiffs' burden of proof was by clear and convincing evidence on the issue of punitive damages, (5) entering final judgment for plaintiffs for punitive damages without conducting a judicial review of the award, (6) denying defendants'

motion for directed verdict, (7) using unintelligible language to charge the jury regarding whether plaintiffs substantially performed their obligations arising out of the contract, (8) instructing the jury on the issue of whether defendants were entitled to possession of the leased premises, (9) denying defendants' motion *in limine* and allowing evidence showing plaintiffs had obtained a TRO and preliminary injunction against defendants, and (10) denying defendants' motions for judgment notwithstanding the verdict and to set aside the verdict and for new trial.

### III. Allowing Plaintiffs to Amend Their Complaint

**[1]** Defendants contend that the trial court erred in allowing plaintiffs to verbally amend their complaint to allege punitive damages. They argue plaintiffs did not give notice that they were seeking punitive damages until the day of the trial. We disagree.

A pleading setting forth a claim of relief must contain "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief . . . ." N.C. Gen. Stat. § 1A-1, Rule 8(a)(1) (2003).

> A pleading complies with the rule if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and—by using the rules provided for obtaining pretrial discovery—to get any additional information he may need to prepare for trial.

*Vernon v. Crist*, 291 N.C. 646, 653, 231 S.E.2d 591, 595 (1977) (quoting *Accord Rose v. Motor Sales*, 288 N.C. 53, 215 S.E.2d 573 (1975)). Rule 9(k) of the North Carolina Rules of Civil Procedure requires aggravating factors justifying punitive damages to be pled with particularity. N.C. Gen. Stat. § 1A-1, Rule 9(k) (2003).

In their original and amended complaints, plaintiffs alleged defendants' actions in breaching the lease/purchase agreement and seizing their property were deceitful, malicious, and willful. In their amended complaint, plaintiffs set forth facts to support unfair and deceptive trade practices, conversion, and punitive damages claims, specifically stating that these allegations were "common to all claims." Paragraph Nos. 17 through 23 of the amended complaint also set forth the fraudulent statements alleged of defendants regarding

their inability to provide plaintiffs with access to their store. In both complaints, plaintiffs specifically requested that "the Court impose punitive damages against Defendants for their wanton, reckless and malicious actions in an amount in excess of $10,000.00."

Plaintiffs' complaints gave "sufficient notice of the events or transactions which produced the claim" of punitive damages. *Vernon*, 291 N.C. at 653, 231 S.E.2d at 595. Defendants' assignment of error is overruled.

## IV. Denial of Directed Verdict

Defendants argue the trial court erred in denying their motion for directed verdict on plaintiffs' claims of breach of the lease/purchase agreement, conversion, and punitive damages. We disagree.

On motion for directed verdict, "the [non-moving] party is entitled to the benefit of every reasonable inference which may legitimately be drawn from the evidence, and all conflicts must be resolved in their favor." *Pemberton v. Reliance Ins. Co.*, 83 N.C. App. 289, 291, 350 S.E.2d 103, 106 (1986). "A directed verdict is proper only when the plaintiff has failed to show a right to recover upon *any* view of the facts which the evidence reasonably tends to establish." *Id.* at 291-92, 350 S.E.2d at 106. On appeal, this Court reviews the denial of a motion for directed verdict on the same grounds asserted at the trial level. *Hunt v. Montgomery Ward & Co.*, 49 N.C. App. 642, 644, 272 S.E.2d 357, 360 (1980).

## A. Breach of Lease/Purchase Agreement

[2] Defendants contend that insufficient evidence was introduced to send the issue of defendants' breach of the lease/purchase agreement to the jury. Defendants argue that the evidence shows that plaintiffs were in default of their payments under the lease/purchase agreement, which gave defendants the right of reentry into the store under the lease.

The burden of proof to show plaintiffs were in arrears of their payments under the lease rested with defendants. Plaintiffs' evidence showed that all rental payments had been made and accepted by defendants at the time of defendants' reentry into the store. Plaintiffs' evidence also showed all promissory note payments had been made and accepted by defendants at the time of their reentry. Plaintiffs presented evidence establishing that defendants failed to provide adequate notice of default prior to reentry into the store. Viewed in

the light most favorable to plaintiffs, the trial court properly denied defendants' motion for directed verdict regarding defendants' breach of the lease/purchase agreement. Defendants' assignment of error is overruled.

## B. Conversion

[3] Defendants also argue the evidence was insufficient for the jury to decide whether defendants converted plaintiffs' property for their own benefit.

Plaintiffs presented evidence showing that on 23 March 2000 defendants were caught in the act of removing plaintiffs' property from the store, in direct violation of a preliminary injunction issued two days earlier. The Durham County Sheriff's Department was summoned, and defendants returned the items taken from the store. However, upon detailed inspection of the store, plaintiffs discovered their inventory had been substantially reduced. Missing was $29,000.00 in cash, two cash registers, a printer, $1,500.00 in calling cards, and 350 cartons of cigarettes. Defendants also admitted entering plaintiffs' store and selling plaintiffs' inventory on 12 March 2000.

Viewed in the light most favorable to plaintiffs, the trial court properly denied defendants' motion to dismiss on the issue of conversion. Defendants' assignment of error is overruled.

## C. Punitive Damages

[4] Defendants contend insufficient evidence of punitive damages was presented to send that issue to the jury. N.C. Gen. Stat. § 1D-15(a) (2003) states:

> Punitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages and that one of the following aggravating factors was present and was related to injury for which compensatory damages were awarded:
>
> (1) Fraud.
>
> (2) Malice.
>
> (3) Willful or wanton conduct.

Punitive damages cannot be awarded for breach of contract alone in North Carolina, except for a breach of contract to marry. *Shore v. Farmer*, 351 N.C. 166, 170, 522 S.E.2d 73, 76 (1999); *see* N.C. Gen. Stat. § 1D-15 (2003). In *Oestreicher v. Stores*, our Supreme Court held:

In cases involving fraud, our Court has consistently used language such as the following: Punitive damages are never awarded, except in cases where there is an element either of fraud, malice, . . . or other causes of aggravation in the act or omission causing the injury . . . . In the so-called breach of contract actions that smack of tort because of the fraud and deceit involved, we do not think it is enough just to permit defendant to pay that which the lease contract required him to pay in the first place. If this were the law, defendant has all to gain and nothing to lose. If he is not caught in his fraudulent scheme, then he is able to retain the resulting dishonest profits. If he is caught, he has only to pay back that which he should have paid in the first place.

290 N.C. 118, 136, 225 S.E.2d 797, 808-09 (1976) (internal citations omitted).

Plaintiffs presented evidence to show the lease/purchase agreement required defendants to provide notice of default and an opportunity to cure prior to exercising any right to self-help. Defendants failed to show plaintiffs were in default or that plaintiffs were provided with the required notice. Defendants forcibly entered the store on 12 March 2000, and began operating the business as their own. Plaintiffs obtained a TRO that prohibited defendants from entering the premises or taking any action to "further dissipate the assets and inventory" of plaintiffs' store. On 21 March 2000, the trial court issued a preliminary injunction, finding that defendants "failed to provide adequate notice and an adequate basis for the retaking of possession of the leased premises."

On 23 March 2000, defendants again forcibly entered plaintiffs' store in willful violation of the preliminary injunction and removed inventory without plaintiffs' consent. The evidence showed that the Durham County Sheriff's Department was called, that a deputy read the injunction to Pickett, and that Pickett was ordered to return the inventory and to exit the premises. In response, Pickett told the officer that, "he didn't give a damn what that paper said."

Plaintiffs presented further evidence to show that after the preliminary injunction was entered that required defendants to put plaintiffs back into possession of the store, Pickett falsely told plaintiffs that they could not get back into the store because he would be out of town. In fact, Pickett was at the store removing plaintiffs' inventory. Defendants' willful, wanton, and malicious conduct in breaching

the lease/purchase agreement, violating the TRO and preliminary injunction, and converting plaintiffs' property "smack of tort." *Oestreicher*, 290 N.C. at 136, 225 S.E.2d at 809. Viewed in the light most favorable to plaintiffs and in light of our previous holding that sufficient evidence was presented of defendants' conversion of plaintiffs' property, the evidence shows willful and wanton conduct by defendants in breaching the lease/purchase agreement and in converting plaintiffs' property. The trial court properly denied defendants' motion for a directed verdict on the issue of punitive damages. Defendants' assignment of error is overruled.

## V. Jury Instructions

**[5]** Defendants contend that the trial court erred in instructing the jury regarding the issues of punitive damages, substantial performance under the lease/purchase agreement, and possession of the leased premises. Defendants have waived their right to appellate review of these issues.

Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure requires that in order to preserve an issue for appellate review, a party must obtain a ruling upon that party's request, objection, or motion. N.C.R. App. P. 10(b)(1) (2004). Appellate Rule 10(b)(2) states, "[a] party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection . . . ." N.C.R. App. P. 10(b)(2) (2004). This Court held that "Rule 10(b)(2) of our Rules of Appellate Procedure requiring objection to the charge before the jury retires is mandatory and not merely directory." *Wachovia Bank v. Guthrie*, 67 N.C. App. 622, 626, 313 S.E.2d 603, 606 (1984) (quoting *State v. Fennell*, 307 N.C. 258, 263, 297 S.E.2d 393, 396 (1982)). Plain error review does not apply to civil cases and is limited to appeals in criminal cases. *Durham v. Quincy Mutual Fire Ins. Co.*, 311 N.C. 361, 367, 317 S.E.2d 372, 377 (1984); *Alston v. Monk*, 92 N.C. App. 59, 66, 373 S.E.2d 463, 468 (1988), *disc. rev. denied*, 324 N.C. 246, 378 S.E.2d 420 (1989).

Defendants failed to object to the jury instructions before the jury retired to deliberate. Their right to appellate review of these issues is waived. *Guthrie*, 67 N.C. App. at 626, 313 S.E.2d at 606. We decline to apply Rule 2 of the North Carolina Rules of Appellate Procedure to reach the merits of defendants' assignments of error. N.C.R. App. P. 2 (2004).

ZUBAIDI v. EARL L. PICKETT ENTERS., INC.

[164 N.C. App. 107 (2004)]

## VI.  Setting Aside the Punitive Damages Award

**[6]** Defendants contend that the trial court erred in failing to review and set aside the punitive damages awarded by the jury. We disagree.

Defendants argue that the trial court was required to review the award of punitive damages under N.C. Gen. Stat. § 1D-50 and its failure requires the award of punitive damages to be reversed or vacated. N.C. Gen. Stat. § 1D-50 (2003) states:

> *When reviewing* the evidence regarding . . . the amount of punitive damages awarded, the trial court shall state in a written opinion its reasons for upholding or disturbing the . . . award. In doing so the court shall address with specificity the evidence, or lack thereof, as it bears on . . . the amount of punitive damages . . . .

(emphasis supplied). In *Muse v. Charter Hospital of Winston-Salem*, defendants argued that "pursuant to *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1, 113 L. Ed. 2d 1 (1991), the trial court must articulate a detailed post-judgment analysis of a jury's award of punitive damages, and that the failure to do so violates due process." 117 N.C. App. 468, 478, 452 S.E.2d 589, 597 (1995). We held,

> in the recent case of *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. ——, 125 L. Ed. 2d 366 (1993), decided after the trial of the instant case, the [United States Supreme] Court held that such an articulation is not required by the Constitution. *Id.* at ——, 125 L. Ed. 2d at 383-84.

*Muse*, 117 N.C. App. at 478, 452 S.E.2d at 597.

Furthermore, N.C. Gen. Stat. § 1D-25(b) states that

> [p]unitive damages awarded against a defendant shall not exceed three times the amount of compensatory damages or two hundred fifty thousand dollars ($250,000), whichever is greater. If a trier of fact returns a verdict for punitive damages in excess of the maximum amount specified under this subsection, the trial court shall reduce the award and enter judgment for punitive damages in the maximum amount.

Within the statutory limits, the jury may award punitive damages in its sound discretion, and the trial court should not disturb such an award unless the amount assessed is " 'excessively disproportionate to the circumstances of contumely and indignity present in the case.' " *Hutelmyer v. Cox*, 133 N.C. App. 364, 375, 514 S.E.2d 554, 562

(1999) (quoting *Carawan v. Tate*, 53 N.C. App. 161, 165, 280 S.E.2d 528, 531 (1981)). Nominal damages may support a substantial award of punitive damages. *Horner v. Byrnett*, 132 N.C. App. 323, 328, 511 S.E.2d 342, 346 (1999) (concluding that there was no abuse of discretion by the trial court in denying a defendant's motion for a new trial where the jury awarded the plaintiff $1.00 in compensatory damages and $85,000.00 in punitive damages for criminal conversation).

Here, the jury awarded compensatory damages in the amount of $62,001.00 for breach of the lease/purchase agreement and conversion. The jury awarded punitive damages in the amount of $150,000.00. Although the trial court made no specific findings that the award was reasonable, it ultimately determined its reasonableness by listing that amount in its judgment. This amount is well within the boundaries provided in N.C. Gen. Stat. § 1D-25(b) and "is not excessively disproportionate to the circumstances of contumely and indignity present in the case." *Id.*

As the language of the statute does not require judicial review of a punitive damage award to be mandatory and we find no case law holding judicial review to be mandatory except in cases where the award exceeds the statutory limits, the trial court did not err in failing to make specific findings of fact and failing to set aside the punitive damages awarded within statutory limits. Defendants' assignment of error is overruled.

## VII. Motion *in Limine*

[7] Defendants contend that the trial court erred in denying their motion *in limine* and allowing evidence that plaintiffs had obtained a TRO and preliminary injunction against defendants. Defendants argue that this evidence was irrelevant. We disagree.

This Court held that

[t]o obtain a new trial based upon an error of the trial court in admitting evidence, the appellant must establish that: (1) he objected to the admission of the evidence at trial; (2) the evidence was inadmissible in law because it was incompetent, immaterial, or irrelevant; and (3) the evidence was prejudicial to appellant's cause of action or defense.

*Vandervoort v. McKenzie*, 117 N.C. App. 152, 163, 450 S.E.2d 491, 497 (1994) (citing *Hunt v. Wooten*, 238 N.C. 42, 45, 76 S.E.2d 326, 328 (1953)). Rule 401 of the North Carolina Rules of Evidence defines

relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2003).

Defendants contend that the existence of a preliminary injunction and TRO were irrelevant to the issues in the case. While defendants properly objected to this evidence at trial, they fail to show this evidence was irrelevant. Defendants' willful, wanton, and malicious disregard and violation of the preliminary injunction and TRO gave rise to the aggravating factors establishing breach of the lease/purchase agreement, conversion, and punitive damages. This conduct made the preliminary injunction and TRO relevant. Defendants failed to show that the evidence was "incompetent, immaterial, or irrelevant." *McKenzie*, 117 N.C. App. at 163, 450 S.E.2d at 497. The trial court properly denied defendants' motion *in limine* and allowed evidence of the preliminary injunction and TRO to be presented to the jury. Defendants' assignment of error is overruled.

## VIII. Judgment Notwithstanding the Verdict

[8] Defendants contend that the trial court erred in denying their motions for judgment notwithstanding the verdict. We disagree.

A motion for judgment notwithstanding the verdict is essentially a renewal of the motion for directed verdict, and the same standard of review applies to both motions. *See* N.C. Gen. Stat. § 1A-1, Rule 50(b) (2003); *see Dickinson v. Pake*, 284 N.C. 576, 584-85, 201 S.E.2d 897, 903 (1974); *see also Smith v. Price*, 74 N.C. App. 413, 418, 328 S.E.2d 811, 815, (1985), *aff'd in part, rev'd in part*, 315 N.C. 523, 340 S.E.2d 408 (1986). For reasons set forth in Section IV of this opinion explaining the trial court's denial of directed verdict, defendants' assignment of error is also overruled.

## IX. Conclusion

Defendants failed to show that the trial court erred in allowing plaintiffs to amend their complaint at the beginning of trial. Defendants have waived their right to appellate review of the trial court's jury instructions. Defendants failed to show error in the trial court's denial of their motions for directed verdict, judgment notwithstanding the verdict, and to set aside the verdict and new trial. Defendants also failed to show error in the trial court's denial of their motion *in limine* and in the failure to review and set aside the punitive damage award.

No error.

Judges WYNN and HUNTER concur.